PEOPLE v ALLEN

Docket No. 100615. Submitted March 1, 1988, at Lansing. Decided April 18, 1988. Leave to appeal applied for.

Jimmy Lynn Allen was convicted on his plea of guilty of escape from prison, Jackson Circuit Court, James G. Fleming, J. Defendant appealed by leave granted, claiming there was no factual basis for his guilty plea since his testimony at the plea hearing was that his escape was actually from the custody of the Jackson City Police Department and not from the Department of Corrections or the State Prison of Southern Michigan at Jackson.

The Court of Appeals *held:*

Defendant has not preserved his claim on appeal, having failed to file a motion to withdraw his plea as required by MCR 6.101(F)(7).

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — APPEAL.

A defendant who is convicted on his plea of guilty, in order to preserve for appellate review a claim that the plea was not supported by a factual basis, must file a motion to withdraw the plea in the trial court (MCR 6.101[F][7]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette* and *Ralph C. Simpson*), for defendant on appeal.

Before: SAWYER, P.J., and M. J. KELLY and J. J. RASHID,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Criminal Law §§ 469 *et seq.*; 501-505.

See the annotations in the Index to Annotations under Guilty Plea.

M. J. KELLY, J. On September 20, 1985, defendant-appellant pled guilty in Jackson Circuit Court to escape from prison, MCL 750.193; MSA 28.390. He was sentenced to two and a half to five years imprisonment consecutive to the sentence he was already serving. Defendant appeals by leave granted contending there is no factual basis for his guilty plea because he testified at the plea-taking proceeding that his escape was actually from the custody of the Jackson City Police Department and not from the Department of Corrections or from Jackson Prison.

Defendant was out on a writ from the State Prison of Southern Michigan at Jackson for arraignment or examination in the district court. Upon completion of his court appearance he was taken in the custody of a city police detective for transport back to the prison. He escaped from the detective's car, was gone approximately six hours, and then was picked up by the authorities. We affirm.

Defendant has not preserved this issue for appeal as required by MCR 6.101(F)(7) by filing a motion to withdraw the plea. Defendant urges he does not have to on the strength of an order entered in People v Dickerson, 428 Mich 864; 400 NW2d 601 (1987). In that order the Supreme Court held that defendant did not provide an adequate factual basis for his plea and remanded for the prosecutor to attempt to establish the missing element. We don't know what People v Dickerson stands for because it reversed the grant of a motion to affirm issued in our Court on May 20, 1986. Our Court did not issue an opinion, it simply issued an order and, if the Supreme Court reached behind that order to by-pass MCR 6.101(F)(7)(a) to order remand where defendant had not made the necessary predicate motion, then it violated its

own rules. We do not presume that the Supreme Court conducts its business in that way and we therefore discount the *People v Dickerson* order as precedent for anything.

Affirmed.