PEOPLE v PHILLIPS

Docket No. 179105. Submitted May 22, 1996, at Lansing. Decided September 27, 1996, at 9:20 A.M. Leave to appeal sought.

William E. Phillips was convicted by a jury in the Genesee Circuit Court, Donald R. Freeman, J., of being a felon in possession of a firearm. The defendant then pleaded guilty of being a third-offense habitual offender and was sentenced to 5½ to 10 years of imprisonment. The defendant appealed, claiming that his Fourth Amendment right to privacy was violated when certain papers seized from his jail cell were admitted at trial and that his right to be free from twice being put in jeopardy was violated when he was sentenced as a third-felony offender on the basis of his conviction of being a felon in possession of a firearm.

The Court of Appeals *held*:

1. The search and seizure of certain of the defendant's papers from his jail cell did not constitute a violation of the Fourth Amendment. The protection of the Fourth Amendment against unreasonable searches and seizures does not apply to prisoners in prison cells or to pretrial detainees or inmates in jails. The need to maintain order in places of confinement, which justifies the curtailment of the constitutional right, applies equally to those in prison and to those in jail.

2. The use of the defendant's prior felony convictions to establish the crime of felon in possession of a firearm and to increase his sentence under the habitual offender statute does not violate double jeopardy. Neither the habitual offender statute nor the felon in possession of a firearm statute prohibits habitual offender sentence enhancement for a conviction of felon in possession of a firearm. Nor do these statutes expressly preclude the use of the same prior felony conviction to establish the crime of felon in possession of a firearm and to enhance a sentence for an habitual offender. The statutes' mutual use of the same prior felony conviction is not prohibited in the absence of a result that is absurd or unjust or one that is clearly inconsistent with the purposes and policies of the statutes. Subjecting a defendant who has been found guilty of being a felon in possession of a firearm to the habitual offender statute does not void the maximum five-year prison sentence under the

felon in possession of a firearm statute. That maximum would still apply in a case where the prosecutor chooses not to supplementally charge the defendant with being an habitual offender.

Affirmed.

1. SEARCHES AND SEIZURES — PRISON AND JAIL INMATES.

The Fourth Amendment protection against unreasonable searches and seizures does not apply to prison inmates or to pretrial detainees or inmates in jails (US Const, Am IV).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FELONS IN POSSESSION OF FIRE-ARMS — HABITUAL OFFENDERS.

The constitutional protections against double jeopardy are not violated where a defendant is convicted of being a felon in possession of a firearm and of being an habitual offender on the basis of the same prior felony conviction (US Const, Am V; Const 1963, art 1, § 15).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appeals, Research, and Training, and *Earl R. Spuhler*, Assistant Prosecuting Attorney, for the people.

*Douglas W. Baker*, for the defendant on appeal.

Before: MARKEY, P.J., and MCDONALD and M. J. TALBOT,* JJ.

MCDONALD, J. Following a jury trial, defendant was convicted of being a felon in possession of a firearm, MCL 750.224f; MSA 28.421(6). Thereafter, defendant pleaded guilty of being an habitual offender, third offense, MCL 769.11(1)(b); MSA 28.1083(1)(b), and was sentenced to 5½ to 10 years' imprisonment. Defendant now appeals as of right, claiming his Fourth Amendment right to privacy was violated when certain papers seized from his jail cell were

---

* Circuit judge, sitting on the Court of Appeals by assignment.

admitted at trial and that his right to be free from twice being put in jeopardy was violated when he was sentenced as a third-felony offender on the basis of his conviction of being a felon in possession of a firearm. We affirm.

In *Hudson v Palmer*, 468 US 517; 104 S Ct 3194; 82 L Ed 2d 393 (1984), the United States Supreme Court held the protection of the Fourth Amendment against unreasonable searches and seizures does not apply to prisoners. However, because the *Hudson* holding refers to a "prison cell," it remains unclear whether a pretrial detainee, as opposed to a prisoner, retains any Fourth Amendment privacy protection in his cell.[1] See 4 LaFave, Search and Seizure, § 10.9(a), pp 728-735. Although this appears to be an issue of first impression in Michigan,[2] other states have addressed the issue, reaching conflicting results. See *McCoy v State*, 639 So 2d 163 (Fla App, 1994) (narrow Fourth Amendment protections); *United States v Cohen*, 796 F2d 20 (CA 2, 1986) (limited Fourth Amendment rights); and *State v Martin*, 322 NC 229; 367 SE2d 618 (1988) (pretrial detainee does not have a reasonable expectation of privacy within jail cell).

---

[1] The record is unclear whether defendant was a pretrial detainee or a prisoner at the time of the seizure. However, because we find reversal is not required even if we assume defendant was a pretrial detainee, the issue may be decided notwithstanding the lack of a clear record.

[2] In *People v Trudeau*, 385 Mich 276, 281; 187 NW2d 890 (1971), a pre-*Hudson* case, our Supreme Court held that persons who are incarcerated in jail while awaiting trial do not lose their right to be protected against unreasonable searches and seizures. However, the Court noted that this holding was not in any way to be construed as limiting the ability to assure the protection of the police and of other prisoners. *Id.* Thus, even if the holding in *Trudeau* were to survive *Hudson*, *Trudeau* was not violated in this case because the search was conducted out of institutional concerns.

We believe the rationale underlying the Court's decision in *Hudson* applies equally to pretrial detainees and inmates confined in jails. As noted in *Martin*, *supra* at 232:

> The same considerations which the [*Hudson*] Court said restricted a person's constitutional rights while in prison, that is, the need to maintain order in places of confinement, apply to pretrial detainees who are confined in jails.

Moreover, when addressing the restrictions on pretrial detainees' Fourth Amendment rights (before the *Hudson* decision) in *Bell v Wolfish*, 441 US 520; 99 S Ct 861; 60 L Ed 2d 447 (1979), the Court declined to make a distinction between prisons and jails in which people are incarcerated awaiting trial. The Court found in *Bell* that the fact of confinement and the legitimate objectives of the penal institution curtail the constitutional rights of any prisoner whether convicted or not. In terms of prison security, the Court found there was no basis to conclude pretrial detainees pose a lesser risk to security than convicted inmates. *Id.* at 546.

The search of the instant defendant's jail cell did not violate his Fourth Amendment "right to privacy," and thus introduction of the papers seized during the search was proper.

Defendant next argues the use of his prior felony convictions to establish the crime of felon in possession of a firearm and use of the same felony convictions to increase his sentence under the habitual offender laws violated double jeopardy. We disagree.

The double jeopardy provisions of the United States Constitution, US Const, Am V, and the Michigan Constitution, Const 1963, art 1, § 15, protect citi-

zens from being subject to successive prosecutions and multiple punishments for the same offense. *People v White*, 212 Mich App 298; 536 NW2d 876 (1995).

The third-felony habitual offender statute is expressly made applicable to the punishment for felony convictions of persons possessing two or more prior felony convictions. MCL 769.11; MSA 28.1083; *People v Brown*, 186 Mich App 350; 463 NW2d 491 (1990). Pursuant to MCL 750.224f; MSA 28.421(6), the Legislature has provided that a person who has previously been convicted of a felony shall be guilty of a felony if he possesses a firearm unless he meets certain specified requirements. Neither the habitual offender statute nor the felon in possession of a firearm statute prohibits the application of the statutory habitual offender sentence enhancement provision for a conviction of felon in possession of a firearm. Nor do these statutes expressly preclude a prior felony conviction that is used to establish the crime of felon in possession of a firearm from also being used as a prior conviction under the habitual offender statutes. *Brown, supra.* "Thus absent an absurd or unjust result, or one clearly inconsistent with the purposes and policies of the statutes involved, [this Court] would not be justified in concluding that the statutes' respective mutual use of a prior conviction" is prohibited. *Brown, supra* at 354.

Finally, defendant argues that subjecting a defendant who has been found guilty of being a felon in possession of a firearm to the habitual offender act voids the statutory language that a person found guilty of the offense of being a felon in possession shall be punished by a term of imprisonment "for not more than five years." MCL 750.224f(3); MSA 28.421(6)(3).

We disagree. The decision regarding what charges to file is within the discretion of the prosecutor. *People v Jackson*, 192 Mich App 10; 480 NW2d 283 (1991). In those situations where a prosecutor does not file an habitual offender charge, a defendant convicted of being a felon in possession will not be subjected to an increased punishment, and the five-year maximum sentence for the crime will not be voided.

Affirmed.