PEOPLE v WILSON

Docket No. 194715. Submitted February 3, 1998, at Lansing. Decided July 7, 1998, at 9:20 A.M. Leave to appeal sought.

Charles E. Wilson was convicted by a jury in the Saginaw Circuit Court, William A. Crane, J., of discharging a firearm at a dwelling, possession of a firearm during the commission of a felony, and possession of a firearm by a person convicted of a felony. He also pleaded guilty of being a second-offense habitual offender. The defendant appealed.

The Court of Appeals *held*:

1. The evidence showing that the defendant shot a firearm toward or in the direction of a house, although above the house, was sufficient to support the convictions of discharging a firearm at a dwelling or occupied structure and possession of a firearm during the commission of a felony. The term "at" in the statute prohibiting the intentional discharge of a firearm at a dwelling or occupied structure can also convey the meaning of "above."

2. The statute prohibiting the discharge of a firearm at a dwelling is not unconstitutionally vague. The statute sufficiently placed the defendant on notice that his discharge of a firearm aimed close to the building in order to place the inhabitants in fear for their safety was prohibited and did not confer on the jury unstructured and unlimited discretion to determine whether an offense was committed in the context of the charged conduct. The statute does not use terms that require persons of common intelligence to guess at its meaning and differ regarding its application to the facts of a case.

3. Double jeopardy principles were not violated when the trial court used evidence of the defendant's prior felony conviction both to establish the crime of possession of a firearm by a person convicted of a felony and to enhance the maximum sentence for the conviction of possession of a firearm by a person convicted of a felony under the habitual offender act.

Affirmed.

1. CRIMINAL LAW — DISCHARGE OF FIREARM AT DWELLING — WORDS AND PHRASES — AT.

The statute prohibiting the intentional discharge of a firearm at a dwelling prohibits the discharge of a firearm toward or in the direc-

tion of a dwelling, including close to or above the dwelling (MCL 750.234b; MSA 28.431[2]).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — STATUTES — DISCHARGE OF FIREARM AT DWELLING.

The statute prohibiting the intentional discharge of a firearm at a dwelling is not unconstitutionally vague and does not use terms that require persons of common intelligence to guess at the meaning of the statute and differ regarding its application to the facts of a case; the statute sufficiently places a person on notice that the discharge of a firearm aimed close to a building in order to place the inhabitants in fear for their safety is prohibited and does not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense was committed (MCL 750.234b; MSA 28.431[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Catherine Langevin Semel,* Assistant Prosecuting Attorney, for the people.

*Douglas W. Baker,* for the defendant on appeal.

Before: MARKEY, P.J., and BANDSTRA and MARKMAN, JJ.

BANDSTRA, J. Following a jury trial, defendant was convicted of discharging a firearm at a dwelling, MCL 750.234b; MSA 28.431(2), possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and possession of a firearm by a person convicted of a felony, MCL 750.224f; MSA 28.421(6). Defendant also pleaded guilty of being a second-offense habitual offender, MCL 769.10; MSA 28.1082. He was sentenced to two years' imprisonment for the felony-firearm conviction, to be followed by six months' to four years' imprisonment for the discharging a firearm at a dwelling conviction, and six months' to 7½ years' imprisonment for the felon in possession of a firearm conviction. Defendant's convictions stem from defendant's shooting bullets

"above" a house, without actually hitting the house. Defendant now appeals as of right. We affirm.

I

Defendant first argues that the evidence was insufficient to support his conviction of the crime of discharging a firearm at a dwelling or occupied structure because the evidence showed that defendant fired "above," not "at" a house. MCL 750.234b(1); MSA 28.431(2)(1) provides that "an individual who intentionally discharges a firearm at a facility that he or she knows or has reason to believe is a dwelling or an occupied structure is guilty of a felony . . . ."

A basic rule of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994). The first criterion in determining intent is the specific language of the statute. *People v Pitts*, 216 Mich App 229, 232; 548 NW2d 688 (1996). Because the Legislature did not define the word "at" as used in § 234b(1), its ordinary meaning applies. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 469-470; 521 NW2d 831 (1994). Reference to a dictionary is appropriate to determine the ordinary meaning of a word. *Id.* at 470. As used in the present context, *The American Heritage Dictionary: Second College Edition* (1982), p 137, defines the word "at" as "[t]o or toward the direction of." Further, *Random House Webster's College Dictionary* (1997), p 83, defines "at" as "in, on, or near." Thus, contrary to defendant's argument, "at," according to the above definitions, can convey the meaning of "above."

In this case, the evidence showed that defendant was shooting toward or in the direction of the house.

Although one victim in the house thought that defendant was shooting too high to hit the house, that same victim testified that he feared for his life thinking that defendant was shooting "at [his] house." Another victim testified that she also feared for her life. Thus, the evidence, viewed in a light most favorable to the prosecutor, would allow a rational trier of fact to find that the essential elements of the crime of discharging a firearm at a dwelling or occupied structure were proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Further, because there was sufficient evidence to find defendant guilty of discharging a firearm at a dwelling or occupied structure, this offense could serve as the underlying felony for the felony-firearm conviction. *People v Guiles*, 199 Mich App 54, 59; 500 NW2d 757 (1993).

II

Defendant next argues that the statute prohibiting the discharge of a firearm at a dwelling, as applied in this case in which defendant aimed and fired a gun closely "over" a dwelling, offends state and federal constitutional protections against unduly vague statutes. Although defendant should have challenged the constitutionality of the statute in the trial court to preserve the issue for appellate review, we may still consider this constitutional question absent a challenge below. *People v Gezelman (On Rehearing)*, 202 Mich App 172, 174; 507 NW2d 744 (1993). We review vagueness challenges in light of the facts at issue. *People v Perez-DeLeon*, 224 Mich App 43, 47; 568 NW2d 324 (1997). Further, we are obligated to construe a statute as constitutional unless its unconstitu-

tionality is clearly apparent. *People v Hubbard (After Remand)*, 217 Mich App 459, 483-484; 552 NW2d 493 (1996). We review de novo a challenge to a statute's constitutionality under the void-for-vagueness doctrine. *Id.* at 484.

Defendant argues that the statute is unconstitutionally vague because it does not provide fair notice of the conduct proscribed and because it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed. We disagree. Our conclusion above that the statute prohibiting intentional discharge of a firearm at a dwelling prohibits the discharge of a firearm in the direction of a dwelling was based on commonly accepted meanings of the word "at." Accordingly, we consider this meaning of the statute to be sufficiently definite to withstand defendant's vagueness challenge. *People v Vronko*, 228 Mich App 649; 653; 579 NW2d 138 (1998). Given the commonly accepted meanings as found in the dictionary, the statute (1) sufficiently placed defendant on notice that his discharge of a firearm aimed close to the building in order to place the inhabitants in fear for their safety was prohibited and (2) did not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense was committed in the context of the charged conduct. *Id.* at 652. The statute does not "use terms that require persons of common intelligence to guess at the statute's meaning and differ regarding its application" to the facts of this case. *Sanchez v Lagoudakis (On Remand)*, 217 Mich App 535, 555; 552 NW2d 472 (1996).

III

Defendant next argues that the prosecutor caused a miscarriage of justice when he erroneously commented that felonious assault is a more serious offense than discharging a firearm at a dwelling, thereby inviting a compromise guilty verdict with regard to the latter charge.

> Appellate review of improper prosecutorial remarks is generally precluded absent objection by counsel because the trial court is otherwise deprived of an opportunity to cure the error. An exception exists if a curative instruction could not have eliminated the prejudicial effect or where failure to consider the issue would result in a miscarriage of justice. [*Stanaway, supra* at 687 (citations omitted).]

A miscarriage will not be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely curative instruction. *People v Rivera*, 216 Mich App 648, 651-652; 550 NW2d 593 (1996). Because a proper curative instruction could have eliminated any prejudicial effect of the prosecutor's remarks, we decline to address the issue.

IV

Defendant finally argues that the trial court violated double jeopardy principles in using evidence of defendant's prior felony conviction both to establish the crime of possession of a firearm by a person convicted of a felony, MCL 750.224f; MSA 28.421(6), and then, again, under the habitual offender act, MCL 769.10; MSA 28.1082, to enhance his maximum sentence for the felon in possession conviction to 7½ years. Absent the habitual offender enhancement, the maximum sentence would have been five years. MCL 750.224f(3); MSA 28.421(6)(3). However, this did not

constitute a violation of double jeopardy principles. *People v Phillips*, 219 Mich App 159, 163; 555 NW2d 742 (1996).

We affirm.