# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHAEL ANDREW JONES,

      Defendant-Appellant.

UNPUBLISHED
October 14, 2014

No. 317103
Wayne Circuit Court
LC No. 12-011903-FC

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Michael Andrew Jones appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder,[1] felonious assault,[2] discharging a firearm at a dwelling or occupied structure,[3] and possession of a firearm during the commission of a felony (felony-firearm).[4] Jones was sentenced to 1 to 10 years' imprisonment for the assault with intent to do great bodily harm less than murder conviction, one to four years' imprisonment for the felonious assault conviction, one to four years' imprisonment for the discharging a firearm at a dwelling or occupied structure conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

This case arises from the shooting of Mark Johnson on November 22, 2012, outside a residential home in Detroit. Jones and Johnson were both guests at a Thanksgiving dinner at the home. Before dinner, a fight among the guests erupted inside the house. At some point, Johnson went on to the front porch to smoke a cigarette. At that time, Jones retrieved his gun from his vehicle. Jones allegedly struck Johnson in the face and shot him in the upper left chest while Johnson was standing on the front porch. As a result, Jones was convicted of assault with intent do great bodily harm less than murder, felonious assault, discharging a firearm at a dwelling or occupied structure, and felony-firearm.

---

[1] MCL 750.84.

[2] MCL 750.82.

[3] Former MCL 750.234b.

[4] MCL 750.227b.

-1-

Jones contends that insufficient evidence was presented to support his convictions. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal.[5] "In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt."[6] This Court does "not interfere with the factfinder's role of determining the weight of the evidence and the credibility of witnesses."[7] "The prosecution need not negate every reasonable theory of innocence, but must only prove its own theory beyond a reasonable doubt 'in the face of whatever contradictory evidence the defendant may provide.' "[8] "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime."[9] All conflicts in the evidence are resolved in favor of the prosecution.[10]

Jones first argues that insufficient evidence was presented at trial from which a rational trier of fact could find him guilty of assault with intent to do great bodily harm less than murder and felonious assault. "The elements of assault with intent to do great bodily harm less than murder are: '(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder.' "[11] Intent to do great bodily harm is defined as "an intent to do serious injury of an aggravated nature."[12] "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery."[13] Dangerous weapons within the felonious assault statute include, "a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon."[14]

Jones disputes that sufficient evidence of the intent element of each offense was presented because Jones and Johnson testified that the gun went off during a "tussle" and Johnson's injury from the shooting was consistent with the gun accidentally discharging during

---

[5] *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).

[6] *People v Kosik*, 303 Mich App 146, 150; 841 NW2d 906 (2013).

[7] *Id.*

[8] *Id.* at 151 (citation omitted).

[9] *Id.*

[10] *Id.*

[11] *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (citation and emphasis omitted).

[12] *Id.* (citation and quotation marks omitted).

[13] *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007) (citation and quotation marks omitted).

[14] MCL 750.82(1).

the tussle. Jones also argues that Johnson's testimony that he was struck in the face without warning does not establish that the assault was intentional. Evidence was presented, however, that could lead a jury to reasonably conclude that Jones had the intent to do great bodily harm to Johnson and that Jones assaulted Johnson with a dangerous weapon and had the intent to injure him. Jones left the house in order to retrieve his gun from his van to get "[his] people out." At trial, a 15-year-old witness testified that she saw Jones hit Johnson in the face and then shoot him, although she did not see a gun. Another witness, Doris Lewis, testified that she saw Jones shoot Johnson with "a black little gun." Resolving all conflicts in the evidence in favor of the prosecution, a reasonable jury could infer that Jones had the intent to do great bodily harm and the intent to injure because Johnson was hit in the face and suffered a bullet wound in his upper left chest and bicep.[15] Although Jones presented conflicting evidence that the gun accidentally discharged while he and Johnson were in a tussle, questions of credibility are left to the trier of fact and will not be resolved by this Court.[16] Moreover, the prosecution need not negate every theory of innocence.[17] Therefore, when viewed in a light most favorable to the prosecution, sufficient evidence was presented from which a rational trier of fact could find Jones guilty of assault with intent to do great bodily harm less than murder and felonious assault.[18]

Jones next argues that insufficient evidence was presented to convict him of discharging a firearm at a dwelling or occupied structure. Pursuant to the version of the statute in effect at the time the offense was committed, " 'an individual who intentionally discharges a firearm at a facility that he or she knows or has reason to believe is a dwelling or an occupied structure is guilty of a felony . . . .' "[19] An innocent or accidental discharge of a firearm at a dwelling or occupied structure, however, does not constitute a crime.[20] The word "at" is defined as "[t]o or toward the direction of" and as "in, on, or near."[21]

Jones claims that because the shooting was accidental, there was no intentional discharge of a firearm, and, alternatively, even if there was an intentional discharge of a firearm at a person, this would not constitute an intentional discharge at a building. Evidence was presented, however, that could lead a jury to reasonably conclude that Jones intentionally discharged a firearm at a dwelling or occupied structure. Based on the record evidence, Jones left the house, where others were inside, and retrieved his gun from his vehicle. After Jones retrieved his gun, he shot Johnson, who was standing on the porch of the home. After Delores Lewis heard

---

[15] See *Kosik*, 303 Mich App at 151.

[16] *Id*. at 150.

[17] *Id*. at 151.

[18] See *id*. at 150.

[19] *People v Wilson*, 230 Mich App 590, 592; 585 NW2d 24 (1998), quoting former MCL 750.234b(1).

[20] See *People v Henry*, 239 Mich App 140, 145; 607 NW2d 767 (1999) (interpreting MCL 750.234b(2)).

[21] *Wilson*, 230 Mich App at 592 (citation and quotation marks omitted; alteration in original).

gunshots, she opened the front door and saw Jones walking toward the house approximately 10 feet away. Additionally, evidence was presented that the glass window to the front door of the home was shattered, which a reasonable jury could infer was a result of Jones intentionally shooting toward the direction of or near the home. Although Jones presented evidence at trial that the gun discharged accidentally, again, questions of credibility are left to the trier of fact and will not be resolved by this Court.[22] Also, the evidence that Jones shot at Johnson, who was near the home, was sufficient for the jury to find that Jones shot toward the direction of or near the home. Consequently, when viewed in the light more favorable to the prosecution, sufficient evidence was presented from which a rational trier of fact could find Jones guilty of discharging a firearm at a dwelling or occupied structure.[23]

Finally, Jones asserts that if there is insufficient evidence to convict him of assault with intent to do great bodily harm less than murder, felonious assault, and discharging a firearm at a dwelling or occupied structure, then insufficient evidence was presented to convict him of felony-firearm. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony."[24] Since Jones possessed a gun while committing assault with intent to do great bodily harm less than murder, felonious assault, and discharging a firearm at a dwelling or occupied structure, each of which constitutes a felony,[25] legally sufficient evidence was presented at trial for a jury to find Jones guilty of felony-firearm.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering

---

[22] *Kosik*, 303 Mich App at 150.

[23] See *id*.

[24] *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011) (citation and quotation marks omitted).

[25] MCL 750.84(1)(a); MCL 750.82(1); MCL 750.234b(1).