# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MAHER MOHAMMED NAWWAS,

      Defendant-Appellant.

UNPUBLISHED
February 12, 2015

No. 319039
Wayne Circuit Court
LC No. 13-002517-FH

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

A jury convicted defendant of discharge of a firearm in an occupied facility, MCL 750.234b(2), possession of a firearm during the commission of a felony, MCL 750.227b, and carrying a pistol in a motor vehicle, MCL 750.227(2). The trial court sentenced defendant to concurrent prison terms of one to four years for the discharge-of-a-firearm conviction and one to five years for the carrying-a-pistol conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right, and we affirm.

## I. BACKGROUND

Defendant's convictions arose from a shooting that occurred on September 12, 2012, at the Landing Strip Lounge, a nightclub in Romulus, Michigan. A witness testified that as defendant was approaching the door to leave the club, he pointed a firearm outside the door and fired a shot. Another person was in front of him and had opened the door. Witness testimony and videotape evidence established that defendant was still inside the building when he fired the shot. Defendant thereafter left in his car. The police conducted a traffic stop of defendant's SUV vehicle and discovered the firearm in the back of the vehicle. A panel from a side compartment in the back storage area of the vehicle had been partially removed and the gun was visible inside the open compartment. A Romulus police officer seized the gun and secured it in his vehicle. According to the officer, the magazine was still inside the gun when he seized it.

Defendant testified that he purchased the gun at the nightclub. He testified that he thought the gun was unloaded and admitted making "a big mistake" when he fired the gun. He testified that the gun was in the back of his vehicle and he was driving home when the police stopped him. Defendant claimed that he removed the magazine from the gun before placing it in his vehicle. He stated that the gun and the magazine were placed in the same location, but were separated.

-1-

## II. CONSTITUTIONALITY OF MCL 750.234b(2)

Defendant first argues that the statute proscribing the discharge of a firearm in a facility is unconstitutionally vague and overbroad as applied to his conduct. Whether a statute is constitutional under the void-for-vagueness doctrine is reviewed de novo. *People v Gratsch*, 299 Mich App 604, 609; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013).

On the date of the charged offense, MCL 750.234b provided[1]:

> (1) Except as provided in subsection (3) or (4), an individual who intentionally discharges a firearm at a facility that he or she knows or has reason to believe is a dwelling or an occupied structure is guilty of a felony, punishable by imprisonment for not more than 4 years, or a fine of not more than $2,000.00, or both.

> (2) An individual who intentionally discharges a firearm *in a facility* that he or she knows or has reason to believe is an occupied structure in reckless disregard for the safety of any individual is guilty of a felony, punishable by imprisonment for not more than 4 years, or a fine of not more than $2,000.00, or both. [Emphasis added.]

Defendant was convicted of violating subsection (2) of the statute. Defendant argues that MCL 750.234b(2) is unconstitutionally vague and overbroad because it is unclear whether it applies to the conduct at issue here.

A statute is presumed to be constitutional and will be construed as such unless its unconstitutionality is clearly apparent. *People v Hubbard (After Remand),* 217 Mich App 459, 483-484, 552 NW2d 493 (1996), overruled in part on other grounds by *People v Harris*, 495 Mich 120, 123; 845 NW2d 477 (2014), and *People v Bryant*, 491 Mich 575, 618; 822 NW2d 124 (2012). The constitutional doctrines of vagueness and overbreadth are distinct doctrines, but they are related in the sense that both curb arbitrary and discriminatory enforcement. *Van Buren Twp v Garter Belt, Inc*, 258 Mich App 594, 628; 673 NW2d 111 (2003). A penal statute is unconstitutionally vague or overbroad if "(1) it does not provide fair notice of the conduct proscribed, (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense had been committed, or (3) its coverage is overly broad and impinges on First Amendment Freedoms." *People v Vronko,* 228 Mich App 649, 652; 579 NW2d 138 (1998). "The doctrine of overbreadth is primarily applied to First Amendment cases where an overbroad statute prohibits constitutionally protected conduct." *People v Cavaiani*, 172 Mich App 706, 711; 432 NW2d 409 (1988). In this case, defendant does not assert that the application of MCL 750.234b(2) impinges on any First Amendment freedoms or other constitutionally protected

---

[1] The statute was amended by 2014 PA 191, effective September 22, 2014, to, among other things, provide that it applies to a facility that is either a dwelling or a potentially occupied structure and to increase the penalty for a violation of the statute.

activity. Accordingly, the doctrine of overbreadth does not apply. *Vronko*, 228 Mich App at 652. "When a defendant's vagueness challenge does not implicate First Amendment freedoms, the constitutionality of the statute in question must be examined in light of the particular facts at hand without concern for the hypothetical rights of others." *Id*.

"A statute provides fair notice when it gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Gratsch*, 299 Mich App at 610. "To evaluate a vagueness challenge, this Court must examine the entire text of the statute and give the words of the statute their ordinary meanings." *People v Hrlic*, 277 Mich App 260, 263; 744 NW2d 221 (2007). "Reference to a dictionary is appropriate to determine the ordinary meaning of a word." *People v Wilson*, 230 Mich App 590, 592; 585 NW2d 24 (1998). A statute may not use a term that requires persons of ordinary intelligence to speculate about its meaning and differ about its application, but "[a] statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Gratsch*, 299 Mich App at 610 (citation and quotation marks omitted).

Defendant focuses on the phrase "in a facility" and, more specifically, the word "in." He argues that a person of ordinary intelligence would not know that the prohibition against discharging a firearm "in a facility" would encompass the discharge of a firearm while one is physically located inside a building but is aiming or directing the shot outside the building, such as through an open door or an open window, as occurred in this case.[2] We disagree.

Although defendant focuses on the term "in" as used in the phrase "in a facility," the particular conduct that is prohibited in a facility is the discharge of a firearm. Thus, the term "in" must be considered in the context of the proscribed conduct of discharging a firearm. *Random House Webster's College Dictionary* (1997) contains the following relevant definition of the term "in" when used as a preposition: "on the inside; within." The term "discharge" is defined, in relevant part, as "to fire or shoot (a firearm or missile)." *Id*. Thus, the ordinary meaning of "discharge" refers to the act of firing a weapon, not the location at which a shot is aimed or directed. We conclude that the statute does not use terms that require persons of common intelligence to guess about the statute's intended meaning. Rather, applying the commonly understood meanings of the terms "in" and "discharge," a person of ordinary intelligence would understand that the statutory phrase "discharges a firearm in a facility" refers to the act of firing or shooting a firearm from a location inside or within a facility. The statute provides fair notice that it encompasses conduct involving the shooting or firing of a firearm from within a facility, regardless of where the shot is aimed or directed. It does not confer on the trier of fact

---

[2] As noted, there was witness testimony that defendant was inside the building when he fired the gun. Romulus Police Officer Kevin Ladich stated that the videotape showed that the individual who fired the gun was "standing inside of the bar." Romulus Police Officer Thomas Westhoff testified that the videotape showed that defendant was "inside of the club" when the shot was fired and that no part of his body appeared outside of the club. The videotape was played for the jury.

unstructured and unlimited discretion to determine whether an offense was committed in the context of the charged conduct. *Wilson*, 230 Mich App at 594. Accordingly, we reject defendant's challenge to the constitutionality of the statute as applied to his conduct.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that there was insufficient evidence to convict him of carrying a pistol in a motor vehicle. In evaluating a claim of insufficient evidence, we review the evidence in the light most favorable to the prosecution to determine whether a trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Circumstantial evidence and reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999); *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). This Court will not interfere with the fact-finder's role of determining the weight of evidence or the credibility of witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992); *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

Defendant does not dispute that the evidence was sufficient to establish the elements of the offense under MCL 750.227(2). He argues, however, that he was subject to a statutory exception that applies when a firearm is being transported from a place of purchase. On the date of the charged offense, MCL 750.231a provided, in pertinent part[3]:

> (1) Subsection (2) of section 227 does not apply to any of the following:
>
> * * *
>
> (e) To a person while *transporting a pistol for a lawful purpose* that is licensed by the owner or occupant of the motor vehicle in compliance with section 2 of 1927 PA 372, MCL 28.422, and the pistol is unloaded in a closed case designed for the storage of firearms in a vehicle that does not have a trunk and is not readily accessible to the occupants of the vehicle.
>
> (2) As used in this section:
>
> * * *
>
> (b) "Lawful purpose" includes the following:
>
> * * *

---

[3] The date of the charged offense was September 12, 2012. The statute was amended by 2012 PA 427, effective December 21, 2012, to rewrite subsection (2), which no longer contains examples of "lawful purpose."

        (*v*) While en route to or from his or her abode or place of business and a
gun show or *places of purchase or sale*.  [Emphasis added.]

Defendant argues that, given his testimony that he purchased the firearm at the club, he was entitled to rely on the exception that applies to the transportation of a firearm while en route from a place of purchase.  The trial court instructed the jury regarding this exception, and further instructed the jury that it was the prosecution's burden to prove that the exception did not apply.[4] See MCL 776.20; *People v Henderson*, 391 Mich 612, 616; 218 NW2d 2 (1974).  Defendant now argues that his conviction for carrying a pistol in a motor vehicle must be vacated, because the prosecution failed to prove beyond a reasonable doubt that the statutory exception did not apply.  We disagree.

First, we note that although defendant testified that he purchased the firearm at the nightclub, the prosecutor argued that this testimony was not credible, and the jury was not required to believe defendant's testimony.  Credibility is an issue for the trier of fact. *Eisen*, 296 Mich App at 331.  In addition, the statutory exception applies only if "the pistol is unloaded in a closed case designed for the storage of firearms in a vehicle that does not have a trunk and is not readily accessible to the occupants of the vehicle."  Taylor Police Officer Charles Monette testified that a panel had been partially removed from the side wall of the back storage area of the SUV, and he could see the handgun inside that open compartment.  Romulus Police Officer Warren Jones testified that the gun was not locked in any sort of container.  According to Officer Jones, the magazine was still inside the gun.  Officer Jones said he took the gun back to his patrol vehicle, opened the chamber, removed the magazine, and secured the gun in his vehicle.  Bullets were inside the magazine.  The testimony, viewed in the light most favorable to the prosecution, was sufficient to enable the jury to find beyond a reasonable doubt that the statutory exception did not apply.

## IV.  SENTENCING

Defendant lastly challenges the trial court's scoring of the sentencing guidelines. Defendant argues that the trial court erred in assessing 10 points for offense variable (OV) 9. Determining whether a trial court properly scored the sentencing guidelines variables is a two-step process.  First, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy,* 494 Mich 430, 438; 835 NW2d

---

[4] Defendant spends considerable time discussing whether he presented sufficient evidence of the existence of the exception such that the prosecutor had the burden to prove that it did not apply. The trial court, as noted, agreed with this interpretation and instructed the jury that the prosecutor "has the burden of proving beyond a reasonable doubt that the defendant was not carrying the pistol to or from the place he brought [sic] it to his home."  Moments earlier, the trial court stated that "[t]he law does not apply to a person that carries a pistol from the place he brought [sic] it to his home.  However, this pistol must be unloaded and be in a wrapper or container in the vehicle."  On appeal, defendant does not take issue with the trial court's instructions but argues, in part, that the gun was "inside a container in the back of the vehicle" and "the prosecution failed to refute the claim of exemption with any evidence . . . ."

340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v Fawaz,* 299 Mich App 55, 60; 829 NW2d 259 (2012) (citations and quotation marks omitted). Second, the appellate court considers de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy,* 494 Mich at 438.

MCL 777.39(1)(c) directs that 10 points are to be assigned for OV 9 if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ." A score of zero points is appropriate if "[t]here were fewer than 2 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(d). A court is required to "[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim." MCL 777.392)(a). Defendant argues that because the shot was aimed outside the building and because only one person was exiting the building with him when the shot was fired, there was only one person who was placed in danger of injury or death by his firing of the gun. We disagree. Defendant's argument fails to account for the parking valet, who testified that at the time of the incident he was in the valet booth, approximately five feet from the door where defendant fired the shot. After the shot, the valet saw a casing "right next to the valet door." A preponderance of the evidence supports the trial court's finding that two or more people were placed in danger of physical injury or death when defendant discharged the firearm. Accordingly, the trial court did not err in assessing 10 points for OV 9.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro