PEOPLE v OSUNA

Docket No. 94973. Submitted September 7, 1988, at Lansing. Decided December 14, 1988.

Adolph Osuna pled guilty in the Saginaw Circuit Court, Joseph R. McDonald, J., to attempted transportation of a weapon into a correctional facility. Defendant appealed alleging that the statute under which he was convicted is unconstitutionally vague and that a hypodermic syringe is not a weapon within the meaning of the statute.

The Court of Appeals held:

1. MCL 800.283; MSA 28.1623 is constitutional.

2. The syringe at issue is an object with weapon-like qualities that could have been used to harm others or make an escape.

3. Defendant's claim that he did not knowingly waive his rights when he pled guilty is not preserved for appeal because he failed to move to withdraw his plea in the circuit court.

Affirmed.

MICHAEL J. KELLY, J., concurred in the affirmance noting defendant's failure to move to withdraw his plea. He would not characterize the hypodermic syringe as a weapon.

1. PRISONS AND PRISONERS — WEAPONS — HYPODERMIC SYRINGES — CONSTITUTIONAL LAW.

The statute which prohibits the unauthorized transportation of a weapon or other implement which may be used to injure a prisoner or other person, or in assisting a prisoner to escape from imprisonment, into or onto any correctional facility is not unconstitutionally vague; a hypodermic syringe may be found to be an object with weapon-like qualities that can be used to harm others or make an escape (MCL 800.283; MSA 28.1623).

2. PRISONS AND PRISONERS — WEAPONS.

The element which transforms an unauthorized article into a

REFERENCES

Am Jur 2d, Appeal and Error §§ 352, 355; Penal and Correctional Institutions § 110.

See the Index to Annotations under Prisons and Prisoners; Weapons and Firearms.

weapon within a prison setting is its potential to cause injury, not the inmate's subjective intent (MCL 800.283; MSA 28.1623).

3. CRIMINAL LAW — GUILTY PLEAS — APPEAL.

   A defendant who is convicted on his plea of guilty must file a motion to withdraw his plea in the trial court in order to preserve for appellate review a claim that he did not knowingly waive his rights due to his lack of fluency in English (MCR 6.101[F][7]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Jeffrey D. Stroud,* Assistant Prosecuting Attorney, for the people.

*Kevin J. Henze,* for defendant.

Before: DANHOF, C.J., and MICHAEL J. KELLY and BEASLEY, JJ.

PER CURIAM. Defendant was charged with transporting a hypodermic syringe into a correctional facility in violation of MCL 800.283; MSA 28.1623. He moved to quash the information arguing that a syringe is not a weapon within the meaning of the statute. The lower court denied the motion. Defendant pled guilty to attempted transportation of a weapon into a correctional facility, MCL 800.283; MSA 28.1623 and MCL 750.92; MSA 28.287, pursuant to a plea bargain. He was sentenced to 1 year and 1 day to 2½ years in prison. Defendant appeals as of right. We affirm.

Defendant claims that MCL 800.283; MSA 28.1623 is unconstitutionally vague. The statute prohibits the unauthorized transportation of a "weapon or other implement which may be used to injure a prisoner or other person, or in assisting a prisoner to escape from imprisonment," into or onto any correctional facility. This Court rejected a void-for-vagueness attack on a similar provision

of the statute in *People v Herron,* 68 Mich App 381; 242 NW2d 584 (1976). The *Herron* Court did not view the provision as so vague that men of ordinary intelligence had to guess at its meaning and application.

The statute was intended to prohibit weapons and objects similar to weapons which might be used to harm others or make an escape from being brought into correctional facilities. The syringe at issue is an object with weapon-like qualities that could have been used to harm others or make an escape. The statute is constitutional. *Herron, supra,* p 383. We are unpersuaded by defendant's attempt to distinguish *Herron* and his argument that the statute only applies to objects which possess greater weapon-like qualities than syringes. With regard to defendant's argument that he had the syringe because of his narcotics problem, we note that, within the prison setting, the element which transforms an unauthorized article into a weapon is its potential to cause injury, not the inmate's subjective intent. *Acrey v Dep't of Corrections,* 152 Mich App 554, 559; 394 NW2d 415 (1986).

Defendant claims that we should remand this case for a hearing on whether he was sufficiently fluent in English to have knowingly waived his rights when he pled guilty. We reject this claim because defendant failed to move to withdraw his guilty plea in the lower court. MCR 6.101(F)(7). Further, the transcript of the plea proceedings indicates that defendant had no problem communicating in English with the lower court.

Affirmed.

MICHAEL J. KELLY, J. *(concurring).* I am hard-pressed to see how a syringe can be characterized

as a weapon. MCL 800.283; MSA 28.1623 refers to a "weapon or other implement which may be used to injure a prisoner or another person, or in assisting a prisoner to escape."

However, defendant has failed to move to withdraw his plea and the issue is therefore not preserved for appellate review. MCR 6.101(F)(7); *People v Allen*, 168 Mich App 77; 423 NW2d 918 (1988). I therefore concur in affirmance.