PEOPLE v GRATSCH

Docket No. 305040. Submitted February 7, 2013, at Lansing. Decided
    February 28, 2013, at 9:00 a.m. Leave to appeal sought.

John D. Gratsch was convicted in the Emmet Circuit Court, Charles
    W. Johnson, J., of possession of a weapon in a jail, MCL 801.262(2).
    The weapon was a paper clip fragment attached to one end of a
    Q-tip, hidden inside the cotton ball at the end. In an unpublished
    order entered February 15, 2012 (Docket No. 305040), the Court of
    Appeals granted defendant's motion to remand to allow an eviden-
    tiary hearing on his claims of prosecutorial misconduct and to
    allow defendant to move for a new trial. The trial court denied
    defendant's motion after a hearing, and defendant appealed.

        The Court of Appeals held:

        1. MCL 801.262(2) provides that unless authorized by the jail
    administrator, a prisoner may not possess or have under his or her
    control any weapon or other item that may be used to injure a
    prisoner or other person or to assist in an escape. Under the Due
    Process Clause, a statute is unconstitutionally vague when (1) it is
    overbroad and impinges on First Amendment freedoms, (2) it does
    not provide fair notice of the conduct proscribed, or (3) it is so
    indefinite that it confers unstructured and unlimited discretion on
    the trier of fact to determine whether the law has been violated. A
    statute provides fair notice when it gives a person of ordinary
    intelligence a reasonable opportunity to know what is prohibited. A
    statute is sufficiently definite if its meaning can fairly be ascertained
    by reference to judicial interpretations, the common law, dictionaries,
    treatises, or the commonly accepted meanings of words, but a term
    that requires persons of ordinary intelligence to speculate about its
    meaning and allows them to differ on its application may not be used.
    Defendant argued that MCL 801.262(2) is unconstitutionally vague
    because it failed to give him adequate notice that a sharpened paper
    clip fragment attached to the end of a Q-tip might be considered a
    weapon or other item prohibited under the statute. The statute is not
    void for vagueness. MCL 800.283(4), a similarly worded statute
    applying to prison inmates, has been interpreted as encompassing
    items with weapon-like qualities that could be used to harm others or
    make an escape. The element that transforms an unauthorized

article into a weapon is its potential to cause injury, not the inmate's subjective intent. A person of ordinary intelligence would understand that an unauthorized, sharpened fragment of metal attached to the end of a Q-tip is a weapon or other item that may be used to injure a prisoner or other person or assist a prisoner in escaping from jail.

2. Defendant's void-for-vagueness challenge to the statute regarding its application to his conduct also failed. To challenge MCL 801.262(2) as unconstitutionally vague for failure to provide fair notice, defendant had the burden of identifying specific facts that suggested that he complied with the statute before he could show that the language was vague. Defendant did not show that he complied with the statute.

3. Defendant's claim that the statute is unconstitutionally vague because it is overbroad and could apply to virtually any item also failed. When a vagueness challenge does not involve First Amendment freedoms, the constitutionality of the statute must be examined in light of the particular facts at hand without concern for the hypothetical rights of others. The proper inquiry is not whether the statute may be susceptible to impermissible interpretations, but whether the statute is vague as applied to the conduct allegedly proscribed in the case. What defendant possessed was an item that could be used to injure another person and was clearly inappropriate for a jail setting. The hypothetical situation that defendant posited involving the use of tissue paper to transmit disease did not render the statute unconstitutionally vague as applied because this case involved a needle, not tissue paper.

4. Nor is the statute unconstitutionally vague because it allows for arbitrary enforcement. A statute may be unconstitutionally vague if it does not contain adequate standards to guide those who are charged with its enforcement or because it impermissibly gives the trier of fact unstructured and unlimited discretion in applying the law. But a statute cannot be determined to confer unstructured and unlimited discretion unless the wording of the statute itself is vague, which the wording of MCL 801.262(2) is not.

5. MCL 801.262(2) requires only that a defendant possess or have under his or her control the prohibited weapon or other item; it does not require that the defendant have the intent to use the weapon or other item as a weapon. The offense is a general intent crime. The distinction between specific intent crimes and general intent crimes is that the former involve a particular criminal intent beyond the act done, while the latter involve merely the intent to do the physical act, that is, specific intent designates a special mental element that is required above and beyond any mental state required with respect to the *actus reus* of the crime.

The plain language of MCL 801.262(2) requires no mental element above and beyond that required to purposely possess or control the prohibited weapon. Because MCL 801.262(2) is a general intent crime, the trial court did not err by failing to instruct the jury that defendant must have had the specific intent to use the item he possessed as a weapon.

6. Defendant argued that the prosecutor denied him a fair trial by not correcting the false testimony of a cooperating jail inmate and that he was therefore entitled to a new trial. A defendant's right to due process guaranteed by the Fourteenth Amendment is violated when there is any reasonable likelihood that a conviction was obtained by the knowing use of perjured testimony. Accordingly, a prosecutor has an obligation to correct perjured testimony that relates to the facts of the case or a witness's credibility. When a conviction is obtained through the knowing use of perjured testimony, however, a new trial is required only if the tainted evidence was material to the defendant's guilt or punishment. Thus, whether a new trial is warranted depends on the effect the misconduct had on the trial. The entire focus of the analysis must be on the fairness of the trial, not on the prosecutor's or the court's culpability. The inmate's testimony that he never received compensation even though he had received a favorable plea bargain in exchange for cooperating with the prosecution on an unrelated drug case was not perjury. The challenged testimony addressed only the inmate's cooperation regarding a jail incident and a robbery, for neither of which he received compensation. Moreover, defendant admitted possessing the altered Q-tip. Therefore, he was not entitled to relief on this basis.

7. Defendant also argued that the prosecutor denied him a fair trial by not disclosing a prior plea agreement with the inmate and that he was therefore entitled to a new trial. Upon request, a prosecutor has a duty under MCR 6.201(B)(5) to disclose the details of a witness's plea agreement, immunity agreement, or other agreement in exchange for testimony. Additionally, due process requires the prosecution to disclose any information that would materially affect the credibility of its witnesses. In order to establish a violation, the defendant must prove (1) that the prosecution possessed evidence favorable to the defendant, (2) that the defendant did not possess the evidence and could not have obtained it with any reasonable diligence, (3) that the prosecution suppressed the favorable evidence, and (4) that had the evidence been disclosed to the defense, a reasonable probability existed that the outcome of the proceedings would have been different. The trial court properly found that defendant could not establish the

second and fourth elements. The trial court's finding that defendant could have obtained the inmate's prior plea agreement with reasonable diligence was not clearly erroneous because evidence of the plea agreement was available in the court's files and defendant's discovery request could have included a request for all plea agreements entered with the prosecution's prospective witnesses. Nor was it reasonably probable that the outcome of the proceedings would have been different had the prosecution disclosed the plea agreement before trial given that defendant had made two written confessions admitting ownership of the item and the correction officers' testimony regarding its discovery in defendant's belongings provided overwhelming evidence at trial to support his conviction. Accordingly, defendant was not entitled to relief on this basis.

8. The trial court did not err by assessing 10 points for offense variable 9 (OV 9) of the sentencing guidelines, MCL 777.39 (number of victims). Assessment of 10 points is required when two to nine victims were placed in danger of physical injury or death. The inmate testified that defendant had made threats regarding use of the altered Q-tip against the inmate himself and a corrections officer, providing an adequate factual basis for the score. It was irrelevant that neither was actually harmed.

Affirmed.

1. Prisons and Prisoners — Weapons — Jails — Items Used to Injure Persons or Assist in Escape — Possession.

MCL 801.262(2) provides that unless authorized by the jail administrator, a prisoner may not possess or have under his or her control any weapon or other item that may be used to injure a prisoner or other person or used to assist in an escape; the statute encompasses items with weapon-like qualities that could be used to harm others or make an escape; the element that transforms an unauthorized article into a weapon is its potential to cause injury, not the inmate's subjective intent.

2. Prisons and Prisoners — Weapons — Jails — Possession.

MCL 801.262(2), which provides that unless authorized by the jail administrator, a prisoner may not possess or have under his or her control any weapon or other item that may be used to injure a prisoner or other person or used to assist in an escape, is a general intent crime and not a specific intent crime; it requires only that a defendant possess or have under his or her control the prohibited weapon or other item and does not require that the defendant have the intent to use the weapon or other item as a weapon.

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — MISCONDUCT — DISCLOSURE OF
   MATERIAL INFORMATION.

  The prosecution has a duty to disclose upon request the details of a
  witness's plea agreement, immunity agreement, or other agree-
  ment in exchange for testimony; additionally, due process requires
  the prosecution to disclose any information that would materially
  affect the credibility of its witnesses; to establish a violation, the
  defendant must prove (1) that the prosecution possessed evidence
  favorable to the defendant, (2) that the defendant did not possess
  the evidence and could not have obtained it with any reasonable
  diligence, (3) that the prosecution suppressed the favorable evi-
  dence, and (4) that had the evidence been disclosed to the defense,
  a reasonable probability existed that the outcome of the proceed-
  ings would have been different (MCR 6.201[B][5]).

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *Richard A. Bandstra*, Chief Legal
Counsel, and *Laura A. Cook*, Assistant Attorney Gen-
eral, for the people.

State Appellate Defender (by *Douglas W. Baker*) for
defendant.

Before: K. F. KELLY, P.J., and MARKEY and FORT HOOD,
JJ.

MARKEY, J. Defendant appeals by right his conviction
of possessing a weapon in jail, MCL 801.262(2). The
trial court sentenced defendant as a third-offense ha-
bitual offender, MCL 769.11, to imprisonment of 2 to 10
years. This Court initially granted defendant's motion
for remand "to allow defendant to have an evidentiary
hearing on his claims of prosecutorial misconduct and
to bring a motion for a new trial in the trial court based
on those claims."[1] Following a hearing, the trial court
denied defendant's motion for a new trial. We now
affirm.

---

[1] *People v Gratsch*, unpublished order of the Court of Appeals, entered
February 15, 2012 (Docket No. 305040).

Defendant first argues that MCL 801.262(2) is unconstitutionally vague because it failed to provide defendant with adequate notice that a sharpened paper clip fragment attached to the end of a Q-tip might be considered a "weapon or other item" prohibited under the statute. Defendant made the item by removing the small cotton ball from one end of a Q-tip, placing the paper clip fragment inside the Q-tip, and then replacing the Q-tip cotton ball to cover the paper clip fragment. Jail staff referred to the item as a "needle" during trial. During sentencing, the trial court stated that the item was "not a knife or something that could cause anyone's death" but that "it could put out an eye" or "otherwise harm[] someone[.]"

Because defendant did not argue in the trial court that MCL 801.262(2) was unconstitutionally vague, he failed to preserve this claim for appellate review. Cf. *People v Wilson*, 230 Mich App 590, 593; 585 NW2d 24 (1998). Normally, unpreserved constitutional claims are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764, 774; 597 NW2d 130 (1999). This Court may, however, overlook preservation requirements with respect to a challenge to the constitutionality of a criminal statute. *People v Noble*, 238 Mich App 647, 651; 608 NW2d 123 (1999). This Court reviews de novo whether a statute is constitutional under the void-for-vagueness doctrine. *Id.* "Statutes and ordinances are presumed to be constitutional and are so construed unless their unconstitutionality is clearly apparent." *Id.* The party challenging the statute has the burden of proving its unconstitutionality. *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009).

The void-for-vagueness doctrine flows from the Due Process Clauses of the Fourteenth Amendment and Const 1963, art 1, § 17, which guarantee that the state

may not deprive a person of life, liberty, or property, without due process of law. *People v Roberts*, 292 Mich App 492, 497; 808 NW2d 290 (2011). A statute may be challenged as unconstitutionally vague when (1) it is overbroad and impinges on First Amendment freedoms; (2) it does not provide fair notice of the conduct proscribed, or (3) it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether the law has been violated. *Noble*, 238 Mich App at 651. A statute provides fair notice when it gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Id.* at 652; *Roberts*, 292 Mich App at 497. "A statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Noble*, 238 Mich App at 652. But "[a] term that requires persons of ordinary intelligence to speculate about its meaning and differ on its application may not be used." *People v Hrlic*, 277 Mich App 260, 263; 744 NW2d 221 (2007).

MCL 801.262(2) provides:

> Unless authorized by the chief administrator of the jail, a prisoner shall not possess or have under his or her control any weapon or other item that may be used to injure a prisoner or other person, or used to assist a prisoner in escaping from jail.

This statute has not been interpreted or applied in any published appellate decision, but this Court has addressed a similarly worded statute applicable to Michigan's prison system.[2]

In *People v Herron*, 68 Mich App 381, 383; 242 NW2d 584 (1976), the defendant was convicted of violating

---

[2] MCL 800.283(4).

MCL 800.283, which at the time provided that "[a] convict without authorization, shall not have on his person or under his control or in his possession any weapon or other implement which may be used to injure any convict or other person, or to assist any convict to escape from imprisonment."[3] The defendant possessed a "draftsman's compass" in prison and argued that that the statute was void for vagueness because its language would permit the conviction of a prisoner for possessing pencils, pens, shoestrings, or religious paraphernalia. This Court concluded that the statute was not so vague that individuals of ordinary intelligence must guess at its meaning and application. *Id.* The Court observed that it was clear that "the statute was intended to prohibit possession of weapons or objects similar to weapons which might be used to harm others or make an escape. Moreover, the section challenged applies only to prison inmates and only to unauthorized possession or control." *Id.* The Court described the compass that the defendant possessed as being "bent, . . . sharpened on one end, and . . . unfit for normal use. In short, it was an object of weapon-like qualities that could be used to harm others." *Id.* The *Herron* Court concluded that because the statute was both facially constitutional and constitutional as applied, the defendant's hypothetical arguments could not form the basis for declaring the statute unconstitutional. *Id.* at 383-384.

This Court subsequently followed *Herron* in *People v Osuna*, 174 Mich App 530, 531; 436 NW2d 405 (1988), in which the defendant was convicted of violating MCL 800.283(4), which prohibited bringing a "weapon or

---

[3] This is the version of the statute as amended by 1972 PA 105, which subsequently was held to violate the title-object limitation of Const 1963, art 4, § 24. See *People v Stanton*, 400 Mich 192, 193; 253 NW2d 650 (1977). The Legislature enacted 1982 PA 343, containing the current version of MCL 800.283, to comply with the title-object limitation.

other implement which may be used to injure a prisoner or other person, or in assisting a prisoner to escape from imprisonment" into a correctional facility. This Court rejected the defendant's claim that the statute was unconstitutionally vague with respect to providing him notice that the hypodermic syringe he transported into a correctional facility was a prohibited item. Citing *Herron* with approval, the Court explained that the syringe was "an object with weapon-like qualities that could have been used to harm others or make an escape." *Id.* at 532. The *Osuna* Court also rejected the defendant's claim that the statute "only applies to objects which possess greater weapon-like qualities than syringes." *Id.* Further, citing *Acrey v Dep't of Corrections*, 152 Mich App 554, 559; 394 NW2d 415 (1986), the *Osuna* Court rejected the defendant's argument that the syringe was for narcotics use, noting that "within the prison setting, the element which transforms an unauthorized article into a weapon is its potential to cause injury, not the inmate's subjective intent." *Osuna*, 174 Mich App at 532.

In sum, the *Herron* and *Osuna* decisions support that language prohibiting "a weapon or other implement which may be used to injure a prisoner or other person, or in assisting a prisoner to escape from imprisonment" is understandable by persons of ordinary intelligence and provides a reasonable opportunity to know what is prohibited. *Roberts*, 292 Mich App at 497; *Herron*, 68 Mich App at 383. Specifically, MCL 800.283(4) is not unconstitutionally vague because persons of ordinary intelligence can understand that it encompasses items with weapon-like qualities that could be used to harm others or make an escape. *Osuna*, 174 Mich App at 532.

The wording of MCL 800.283(4) and MCL 801.262(2) is substantively identical. MCL 801.262(2) uses the

phrase "any weapon or other item that may be used to injure a prisoner or other person," while MCL 800.283(4) uses the phrase "a weapon or other implement which may be used to injure a prisoner or other person."

For the reasons discussed in *Herron* and *Osuna*, we reject defendant's claim that MCL 801.262(2) is void because it is unconstitutionally vague. A person of ordinary intelligence would understand that an unauthorized, sharpened fragment of metal attached to the end of a Q-tip is a "weapon or other item that may be used to injure a prisoner or other person, or used to assist a prisoner in escaping from jail." *Roberts*, 292 Mich App at 497. Particularly in light of judicial interpretations of the similar statute, *Noble*, 238 Mich App at 652 ("A statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations . . . ."), the plain language of MCL 801.262(2) is not unconstitutionally vague. *Osuna*, 174 Mich App at 532; *Herron*, 68 Mich App at 383. Consistently with the reasoning of *Herron* and *Osuna*, we conclude the language of MCL 801.262(2) is not unconstitutionally vague.

Defendant also cannot establish a void-for-vagueness challenge to the statute regarding its application to his conduct. To challenge MCL 801.262(2) as unconstitutionally vague for failure to provide fair notice, defendant bears the burden of identifying specific facts that suggest that he complied with the statute. *People v Douglas*, 295 Mich App 129, 135; 813 NW2d 337 (2011). If he is able to do so, he must then show that the language "any weapon or other item that may be used to injure" is vague. *Id*.

Defendant cannot show that he complied with the statute. Defendant was convicted of the unauthorized

possession in jail of a "weapon or other item that may be used to injure a prisoner or other person," i.e., a paper clip fragment attached to a Q-tip. The so-called needle defendant possessed is a "weapon or other item" within the ambit of MCL 801.262(2) because it is a sharpened metal fragment that may be used to directly injure another person. It is comparable to the syringe in *Osuna*. While defendant argues that the needle was not a weapon because it was relatively small, the needle could have easily been used to inflict significant injury, such as to puncture an eye or other sensitive part of the human body. Thus, the needle was an item with weapon-like qualities that could be used to injure a prisoner or other person. Because the needle was a prohibited item under MCL 801.262(2), defendant did not comply with the statute and his vagueness claim must fail. *Douglas*, 295 Mich App at 135.

Defendant also argues that MCL 801.262(2) is unconstitutionally vague because it is overly broad and may apply to virtually any item. But when a vagueness challenge does not involve First Amendment freedoms, "the constitutionality of the statute in question must be examined in light of the particular facts at hand without concern for the hypothetical rights of others." *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998). "The proper inquiry is not whether the statute may be susceptible to impermissible interpretations, but whether the statute is vague as applied to the conduct allegedly proscribed in this case." *Id.* In this case, defendant possessed a needle, an item that falls within the scope of MCL 801.262(2) because it is an item that may be used to injure another person and is clearly inappropriate for a jail setting. The hypothetical situation that defendant posits involving the use of tissue paper to transmit disease does not render the statute unconstitutionally vague as applied because the

facts of this case involve a needle, not tissue paper. The needle defendant fashioned unambiguously fell within the scope of the statute because it could be used to injure another person.

Defendant next argues that MCL 801.262(2) is unconstitutionally vague because it allows for arbitrary enforcement. A statute may be unconstitutionally vague if it does not contain adequate standards to guide those who are charged with its enforcement or because it impermissibly gives the trier of fact unstructured and unlimited discretion in applying the law. *Douglas*, 295 Mich App at 138. But a statute cannot be determined to confer unstructured and unlimited discretion unless the wording of the statute itself is vague. *Id*. Here, for the reasons already noted, the wording of MCL 801.262(2) is not vague. Thus, we conclude that defendant's argument that the statute allows for arbitrary enforcement is meritless. In sum, MCL 801.262(2) is not impermissibly vague, and defendant's constitutional challenge fails.

Next, defendant argues that his conviction must be reversed because the trial court failed to instruct the jury that a necessary element of the charged offense requires proof that defendant intended to use the item as a weapon. We disagree.

Defendant failed to preserve his challenge to the jury instructions by raising this issue in the trial court. *People v Gonzalez*, 468 Mich 636, 642-643; 664 NW2d 159 (2003). We review unpreserved claims of instructional error for plain error affecting substantial rights. *Id*. at 643; *Carines*, 460 Mich at 763. The determination of the necessary elements of a crime presents a question of law that we review de novo. *People v Mass*, 464 Mich 615, 622; 628 NW2d 540 (2001).

We conclude that the trial court did not err in its instructions to the jury; consequently, defendant's substantial rights were not affected. We specifically reject defendant's argument that MCL 801.262(2) requires that a defendant have the intent to use the "weapon or other item" as a weapon. Rather, the statute requires only that a defendant "possess or have under his or her control" the prohibited "weapon or other item that may be used to injure a prisoner or other person." *Id.* Indeed, the offense is a general intent crime. "[T]he distinction between specific intent and general intent crimes is that the former involve a particular criminal intent beyond the act done, while the latter involve merely the intent to do the physical act." *People v Beaudin*, 417 Mich 570, 573-574; 339 NW2d 461 (1983). Stated otherwise, " 'specific intent' is often used to designate a special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime." *People v Fennell*, 260 Mich App 261, 266; 677 NW2d 66 (2004) (citations and quotation marks omitted). Here, the plain language of the statute requires no mental element above and beyond that required to purposely possess or control the prohibited weapon. In our criminal jurisprudence, possession may be either actual or constructive and includes either actual physical possession or the right to exercise dominion or control over a thing, whether directly or through another person or persons. *People* v *Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010), citing *People v Wolfe*, 440 Mich 508, 519-520; 489 NW2d 748 (1992), and *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989).

The *Osuna* decision interpreting the similarly worded statute governing Michigan's prison system, MCL 800.283, supports our conclusion that MCL 801.262(2) is a general intent crime. The *Osuna* Court

held that why the defendant possessed the item was irrelevant. The Court opined that "the element which transforms an unauthorized article into a weapon is its potential to cause injury, not the inmate's subjective intent." *Osuna*, 174 Mich App at 532. As noted already, we find *Osuna* highly instructive with respect to the prohibition of weapons in jails in MCL 801.262(2) because *Osuna* interpreted the nearly identically worded statute prohibiting weapons in prisons. We therefore hold that MCL 801.262(2) is a general intent crime.

Because MCL 801.262(2) is a general intent crime, the trial court did not err by failing to instruct the jury that defendant must have had the specific intent to use the item he possessed as a weapon. Consequently, plain error did not affect defendant's substantial rights. *Gonzalez*, 468 Mich at 643; *Carines*, 460 Mich at 763. Finally, because the intent to use the item as a weapon is not an element of the offense, defendant's related argument that trial counsel was ineffective for failing to request this instruction must fail. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (stating that counsel is not ineffective for failure to raise a meritless argument).

Next, defendant argues that the trial court abused its discretion by not granting his motion for a new trial. Defendant argues that the prosecutor denied him a fair trial by (1) not correcting the false testimony of a cooperating jail inmate and (2) not disclosing a prior plea agreement with the inmate. The prosecution argues that the inmate's testimony was accurate and that the plea agreement had no bearing on this case because it had been entered approximately six months before the crime was committed. Moreover, it was a readily accessible part of the trial court's records. The prosecu-

tion also argues that if it erred by failing to disclose the plea bargain, its error was harmless in light of the overwhelming evidence of defendant's guilt, including his written confession admitting possession of the needle, the testimony of corrections officers that the needle was located in defendant's tote bag, and other testimony implicating defendant.

We review for clear error a trial court's factual findings on a motion for a new trial and for an abuse of discretion the court's decision to grant or deny the motion. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). The trial court abuses its discretion when the court's decision is outside the range of principled outcomes. *Id*. Whether the prosecutor's conduct denies a defendant a fair and impartial trial presents a question of law that we review de novo. *People v Fyda*, 288 Mich App 446, 460; 793 NW2d 712 (2010).

During cross-examination at trial, the inmate testified that he had "been a witness for the prosecution on some other cases and I'm not well-liked by the population in the jail." He also acknowledged that he had been convicted of fraud within the past year and false pretenses within the past two years, the last conviction being the result of a plea bargain. On redirect examination, the inmate testified that he had informed jail staff that two other inmates had destroyed a television. That information ultimately led to at least one conviction. In addition, the inmate informed authorities about a robbery at Boyne Highlands, leading to one or more convictions. The inmate testified that he had provided information to the authorities "of my own free will" and answered no when asked if the authorities had given him "any compensation."

After conducting an evidentiary hearing, the trial court determined that, in context, the inmate's answer

regarding compensation related to his "his cooperation with respect to the jail TV incident and the Boyne Highland's robbery." Further, the trial court found that the inmate's testimony appeared to be truthful given the evidence presented at the hearing. Additionally, the court found that the question regarding compensation was most likely understood by the inmate, the prosecutor, and the jury as referring to money, not some other form of compensation. Thus, the trial court concluded that the evidence did not support finding that the prosecutor either elicited or failed to correct false testimony.

With respect to defendant's second argument, the trial court concluded that defendant could have discovered the inmate's plea agreement through reasonable diligence because the plea agreement was available in the court's files. The trial court also reasoned that defendant could have asked the inmate during trial whether he had executed any plea agreements in previous cases. Therefore, the trial court found that the prosecutor did not suppress evidence of the plea agreement. Finally, the trial court found that there was no reasonable probability that the outcome of the proceedings would have been different had evidence of the plea agreement been introduced at trial. Accordingly, the trial court denied defendant's motion for a new trial.

A defendant's right to due process guaranteed by the Fourteenth Amendment is violated when there is any reasonable likelihood that a conviction was obtained by the knowing use of perjured testimony. *People v Aceval*, 282 Mich App 379, 389; 764 NW2d 285 (2009). Accordingly, a prosecutor has an obligation to correct perjured testimony that relates to the facts of the case or a witness's credibility. *People v Lester*, 232 Mich App 262, 277; 591 NW2d 267 (1998). When a conviction is ob-

tained through the knowing use of perjured testimony, a new trial is required "only if the tainted evidence is material to the defendant's guilt or punishment." *Aceval*, 282 Mich App at 389. So whether a new trial is warranted depends on the effect the misconduct had on the trial. *Id.* at 390. "The entire focus of [the] analysis must be on the fairness of the trial, not on the prosecutor's or the court's culpability." *Id.*

First, defendant asserts that the inmate's testimony that he never received "compensation . . . for any of this information" was perjury because the inmate had previously received a favorable plea bargain in exchange for cooperating with the prosecution in an unrelated drug case. The trial court found that the inmate's challenged testimony only addressed his cooperation regarding the damaged jail television and the Boyne Highlands robbery, so the testimony was not false. The trial court did not clearly err in so finding. Immediately before providing the challenged testimony, the inmate specifically testified about the television and Boyne Highlands cases. The trial court observed the exchange between the inmate and the prosecutor during trial, so it was able to fairly assess the context of the testimony at issue. Further, there is no dispute that the inmate did not receive any type of compensation or benefit regarding the television incident or the Boyne Highlands robbery; therefore, the inmate's testimony was not false.

Moreover, even if the testimony was perjury *and* the prosecutor knowingly allowed it to stand uncorrected, defendant still would not be entitled to a new trial because the perjury and prosecutorial misconduct did not "materially affect[] the trial's outcome . . . ." *Aceval*, 282 Mich App at 390. Defendant admitted possessing the needle immediately after corrections

officers discovered it in his "tote." Although the inmate testified that defendant intended to use the needle as a weapon, for the reasons explained already, defendant's intent to use the needle as a weapon is not an element of the crime. Rather, defendant's knowledge of possession of the needle was sufficient for a conviction under MCL 801.262(2).[4]

Second, defendant argues that the prosecutor violated his right to due process by failing to disclose before trial the inmate's prior plea agreement. Upon request,[5] the prosecution has a duty to disclose the details of a witness's plea agreement, immunity agreement, or other agreement in exchange for testimony. MCR 6.201(B)(5); *People v McMullan*, 284 Mich App 149, 157; 771 NW2d 810 (2009). Additionally, due process requires that a prosecutor "is a under a duty to disclose any information that would materially affect the credibility of his witnesses." *Lester*, 232 Mich App at 281. In order to establish a so-called *Brady* violation,[6]

a defendant must prove: (1) that the state possessed evidence favorable to the defendant; (2) that he did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. [*Id.* at 281-282.]

In this case, the trial court found that defendant could not establish the second, third, or fourth elements

---

[4] We note that the inmate's testimony regarding defendant's intent was material to defendant's sentencing, as discussed later, but the trial court was fully cognizant of the plea agreement, so it could consider it in assessing the inmate's credibility.

[5] Defendant made such a request before trial.

[6] See *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

of a *Brady* violation. Even if the trial court clearly erred regarding the third element, it did not clearly err regarding the second and fourth elements. Accordingly, defendant was not entitled to relief on the basis of his second argument.

The trial court's finding that defendant could have obtained the inmate's prior plea agreement with reasonable diligence was not clearly erroneous. As the trial court explained, evidence of the plea agreement was available in the court's files. Also, as the trial court explained, defendant's discovery request could have included a request for *all* plea agreements entered with the prosecution's prospective witnesses.

More importantly, we agree with the trial court that it is not reasonably probable that the outcome of the proceedings would have been different had the prosecution disclosed the plea agreement before trial. Defendant gave two written confessions admitting ownership of the needle, and the corrections officers' testimony regarding its discovery in defendant's belongings provided overwhelming evidence at trial to support his conviction. Further, the parties do not dispute that defendant was a jail inmate, and the jail administrator did not authorize his possession of the needle. Hence, even if the prior plea agreement were relevant to the inmate's credibility and defendant had been able to use it for that purpose, we cannot find any reasonable probability that the outcome of trial would have been different. Consequently, the trial court did not abuse its discretion by denying defendant's motion for a new trial for this reason.

Defendant also argues that he is entitled to resentencing because the trial court erred by assessing 10 points for offense variable (OV) 9 rather than zero points because fewer than two victims were placed in

danger. We disagree. In general, the application of the sentencing guidelines presents a question of law that this Court reviews de novo. *People v Waclawski*, 286 Mich App 634, 680; 780 NW2d 321 (2009). But the trial court has discretion in assessing a particular score for a sentencing variable when there is evidence in the record to support it. *Id.* Thus, this Court reviews the trial court's scoring to determine whether there is adequate evidentiary support for a particular score and whether the sentencing court properly exercised its discretion. *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009). Record evidence in this case supports the trial court's scoring, and the court did not abuse its discretion by assessing 10 points for OV 9.

MCL 777.39(1)(c) requires a trial court to score 10 points for OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death[.]" The trial court should "[c]ount each person who was placed in danger of physical injury ... as a victim." MCL 777.39(2)(a). "OV 9 is scored only on the basis of the defendant's conduct during the sentencing offense." *People v Carrigan*, 297 Mich App 513, 515; 824 NW2d 283 (2012). In scoring OV 9, it is improper for a trial court to consider conduct after an offense has been completed. *People v McGraw*, 484 Mich 120, 122, 133-134; 771 NW2d 655 (2009).

In this case, the cooperating jail inmate testified that while defendant had the needle he had constructed, he stated, "I should stab her [a corrections officer] in the neck." In addition, the inmate testified that a few days earlier, defendant informed him that "if I told anybody about it [the needle] he would hurt me." From this testimony, the trial court had an adequate factual basis to conclude that while defendant possessed the needle in the jail, at least two victims were placed in danger of

physical injury. MCL 777.39(1)(c). Given that at least two victims were placed in danger of physical injury because of defendant's possession of the needle, the trial court properly scored OV 9 at 10 points. It is irrelevant that neither the inmate nor the correction officer was actually harmed. A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim. See *People v Morson*, 471 Mich 248, 262; 685 NW2d 203 (2004). Accordingly, the trial court did not abuse its discretion by assessing 10 points for OV 9.

We affirm.

K. F. KELLY, P.J., and FORT HOOD, J., concurred with MARKEY, J.