*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee

v

RAYJAHN DUREESE HELTZEL,

        Defendant-Appellant.

UNPUBLISHED
December 3, 2019

No. 344117
Calhoun Circuit Court
LC No. 2017-000199-FH

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of second-degree fleeing and eluding, MCL 257.602a(4); failing to stop at the scene of an accident causing serious impairment, MCL 257.617(2); felonious assault, MCL 750.82; possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; third-degree retail fraud, MCL 750.356d(4) and two counts of resisting arrest and obstructing a police officer, MCL 750.81d. The trial court sentenced defendant to 76 months to 10 years' imprisonment for second-degree fleeing & eluding; 2 years' imprisonment for felony-firearm; 3 to 5 years' imprisonment for failure to stop after an accident; 93 days for third-degree retail fraud; 2 to 4 years' imprisonment for felonious assault; and 1 to 2 years' imprisonment for resisting arrest and obstructing a police officer. Defendant appeals, challenging the trial court's assessment of Offense Variables (OV) 3, 9, and 19. For the reasons stated below, we affirm.

## I. BACKGROUND

Defendant's convictions arose out of a credit card sting operation during which he was caught stealing high-end liquor from Meijer. While being approached by two officers in the parking lot, defendant got into his vehicle and fled. After almost striking the two officers with his vehicle, defendant drove over a curb and a small grassy area onto the nearby road. While trying to elude police, defendant ran through a red light causing an accident involving four cars; one of which was his own. The accident caused multiple injuries, the most serious of which were to Kristen McIntosh, who suffered a bleed in her brain, a contusion to her brain, a skull

-1-

fracture, multiple bilateral rib fractures, a sterno fracture, a minor left pelvic fracture, bilateral collapsed lungs, and some hearing loss. The jury convicted the defendant as noted.

## II. ANALYSIS

On appeal, defendant challenges the assessment of OVs 3, 9, and 19. Defendant preserved his claims by objecting to the scoring of these variables at sentencing. See *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). "The interpretation and application of the sentencing guidelines present questions of law that [we] review de novo." *People v Laidler*, 491 Mich 339, 342; 817 NW2d 517 (2012). Factual determinations relating to scoring variables used for sentencing are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Dickinson*, 321 Mich App 1, 20-21; 909 NW2d 24 (2017).

Defendant's first claim of error is that the trial court incorrectly assessed OV 3. OV 3 is applicable when "physical injury to a victim" occurs. MCL 777.33(1). It is assessed 25 points when there is "[l]ife threatening or permanent incapacitating injury" to the victim and is assessed 10 points when there is "[b]odily injury requiring medical treatment." MCL 777.33(1)(c) and (d). In determining if an injury is life-threatening, the injury "requir[es] some evidence indicating that . . . [it was], in normal course, potentially fatal." *People v Chaney*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341723); slip op at 3. Just because a victim's injury "requir[es] significant and ongoing medical treatment, [this] does not by itself establish a life-threatening injury," but instead, constitutes bodily injury requiring medical treatment. *Id.*

At sentencing, the prosecution argued that McIntosh's bleed in her brain, contusion to her brain, skull fracture, multiple bilateral rib fractures, sterno fracture, minor left pelvic fracture, bilateral collapsed lungs, and losing a good portion of her hearing meets the threshold requirement of life-threating and permanently incapacitating and, therefore, an assessment of 25 points for OV 3 was warranted.

In contrast, defendant relied upon testimony from Dr. Sheldon Maltz, McIntosh's emergency room physician, who testified that with some collapsed lung scenarios there can be serious consequences, but in McIntosh's case, she did not present any of these scenarios; he was successfully able to reinflate her lungs. Dr. Maltz further testified that the left pelvic fracture was very minor; it was not displaced, and she was allowed to fully bear her weight. Within two days, both chest tubes were removed, and McIntosh was evaluated and sent to a short-term rehab facility for ambulation and respiratory needs. Defendant contends that the testimony by Dr. Maltz, shows that none of the injuries to McIntosh were life-threatening.

In assessing 25 points for OV 3, the trial court concluded that "collapsed lungs certainly without treatment could have been life threatening." The trial court did not clearly err. Although McIntosh was successfully treated, collapsed lungs, "by nature [are potentially] a life threatening injury" and "in normal course, [are] potentially fatal." *Chaney*, ___ Mich App at ___; slip op at 3. Additionally, the trial court held that McIntosh's "hearing loss does appear to be permanent and incapacitating." Although McIntosh had surgery to repair her hearing, there is no mention in the record as to whether this surgery was successful. Nevertheless, because OV 3 requires either a life-threatening *or* permanent incapacitating injury, we conclude that the trial could did not

clearly err in holding that McIntosh's collapsed lungs alone meet the necessary threshold to assess OV 3 at 25 points.

Defendant next argues that because OV 9 applies only to the sentencing offense being scored, he should have been assessed 10 points for 2 to 9 victims rather than 25 points for 10 or more victims. We disagree.

OV 9 relates to the number of victims. MCL 777.39(1). "An assessment under OV 9 must be based solely on the defendant's conduct during the sentencing offense." *People v Rodriguez*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 338914); slip op at 5. OV 9 is assessed 25 points when, in part, "10 or more victims . . . were placed in danger of physical injury or death[,]" and 10 points when, in part, "2 to 9 victims . . . were placed in danger of physical injury or death." MCL 777.39(1)(b) and (c). Furthermore, "[a] person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013).

In this case, defendant's fleeing and eluding began when he backed out of the parking lot and ended once he was arrested. During this time, four individuals suffered actual harm: McIntosh, whose injuries are discussed above; a pizza delivery driver, who received bumps on her head from her vehicle's airbag going off during the accident with defendant's vehicle; and two passengers in defendant's vehicle, who ended up in the hospital. Additionally, two police officers who were almost hit by defendant's vehicle in the parking lot, two other law enforcement officers who were involved in the chase, and three witnesses who were sitting at the light and watched the collision occur, were individuals who, although not actually harmed, were in a close proximity to a physically threatening situation and are sufficient to be counted as victims.

The trial court found that these listed victims, whether harmed or in close proximity to a physically threatening situation, add up to 11, meeting the threshold required to score defendant at 25 points. Moreover, as the trial court stated, this number does not count the other persons who were on the road at the time who were in danger of injury or loss of life. Given the evidence at trial, we conclude that the trial court did not err by assessing 25 points for OV 9.

Defendant's final argument is that no force or threat of force was used while fleeing and eluding, and therefore, OV 19 should be assessed at 10 points rather than 15 points. We disagree.

OV 19 is applicable when, in part, an offender "attempt[s] to interfere with the administration of justice." MCL 777.49. When this occurs, an individual will be assessed 10 points. MCL 777.49(c). Only when an offender uses "force or threat of force against another person or property of another person" will the assessed points be raised to 15. MCL 777.49(b). Force is defined by this Court as, in part, " 'strength or energy exerted or brought to bear: cause of motion or change[.]' " *People v Smith*, 318 Mich App 281, 287; 897 NW2d 743 (2016) (citation omitted; alteration in original).

In this case, defendant's conduct of reversing quickly to pull out of the parking space, almost hitting one police officer and then putting the vehicle into drive to exit the parking space forcing a second police officer to jump out of the way to avoid being hit, evinces a threat of force by an overt act.

The trial court held that using a "vehicle in such a way to prevent being caught and in fact try[ing] to hit officers with that car" is enough to meet the threat of force requirement. Although there is no direct evidence that defendant was, in fact, trying to hit the officers while he was fleeing and eluding, "minimal circumstantial evidence will suffice to establish the defendant's state of mind." *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014) (quotation marks and citation omitted). Therefore, we conclude that the trial court did not clearly err in holding that defendant meets the required threshold of threat of force and was, therefore, properly assessed 15 points for OV 19.

Defendant is not entitled to resentencing because there were no scoring errors regarding OVs 3, 9, and 19. Moreover, we also note that defendant is currently at OV Level VI with a total OV assessment of 115 points. Even if we concluded that the trial court clearly erred in its assessment of OVs 3, 9, and 19, this would only decrease defendant's OV total by 35 points, giving him a new OV total of 80 points. To be classified under a lesser OV level, defendant must have an OV total that is less than 75 points. See MCL 777.65. Therefore, even with an OV total of 80 points, defendant's range would not alter, and if an error does not change the guideline range, and the defendant is sentenced within that range, any error would be harmless, and the defendant is not entitled to relief. See *People v Johnson*, 202 Mich App 281, 290; 508 NW2d 509 (1993).

Affirmed.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan

-4-