*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ADAM JACOB RISBRIDGER,

Defendant-Appellant.

UNPUBLISHED
March 3, 2020

No. 347170
Leelanau Circuit Court
LC No. 2018-001970-FC

Before: BORRELLO, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant pleaded guilty to third-degree home invasion, MCL 750.110a(4), as a second-offense habitual offender, MCL 769.10. The trial court sentenced defendant to serve a prison term of 3½ to 7½ years. Defendant appeals his sentence by delayed leave granted, arguing that he is entitled to resentencing because the trial court improperly scored offense variable OV 9 and OV 13. For the reasons set forth in this opinion, we vacate defendant's sentence and remand the matter for resentencing consistent with this opinion.

## I. BACKGROUND

On December 17, 2017, Adam Krantz and Ashley Farley contacted police and indicated that someone broke into their garage and stole beer from their garage refrigerator. A video camera system that Krantz had installed after two previous incidents in which someone had broken into the garage and stolen beer showed what appeared to be a screwdriver in the suspect's hand. Krantz said that a screwdriver had been used to force open the back door to enter the garage. Both Krantz and Farley indicated that defendant was the individual in the video. Krantz said that in the past defendant had come to his house to "hang out and drink beer," but he stopped inviting defendant over after learning of his criminal history. At the time of the offense in this case, Farley, who was six months pregnant, was the only person home. According to Krantz, on December 19, 2017, he received what he perceived to be threatening text messages from defendant to settle the incident without use of law enforcement.

As part of a plea bargain, defendant pleaded guilty to third-degree home invasion as a second-offense habitual offender. He admitted that on December 16, 2017, he entered the garage

-1-

without permission by turning the knob on the service door of the garage, that he took a case of beer out of the refrigerator in the garage without permission, and that he took the beer home and consumed it. He also admitted that Farley was lawfully on the premises at the time.

As previously stated, this Court granted leave to appeal[1] to determine whether defendant was entitled to resentencing based on the scoring of OV 9 and OV 13.

## II. ANALYSIS

On appeal, defendant first argues that the trial court erred in scoring OV 9 at 10 points because there were no victims within the meaning of MCL 777.39. Defendant argues that because defendant committed the offense in the garage, there was no direct threat to either Farley or her unborn child. The state argues that home invasion inherently placed Farley and her fetus in danger. Had Farley known defendant was there, the state argues, she would have become fearful and her fear could have led to medical conditions such as a heart attack which would have in turn caused harm to her fetus. At sentencing, the trial court and the parties focused on the question of whether Farley's fetus is a person and thus a victim pursuant to OV 9. There was no discussion at sentencing as to what constituted a victim under OV 9.[2] Hence, at sentencing, defendant argued as to the number of victims, specifically whether Farley's unborn child was a "person," whereas on appeal, defendant argues that Farley was not a victim as that term is defined in MCL 777.39. As such, we consider the issue of the proper scoring for OV 9 to be partially preserved.

"A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines . . . unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." MCR 6.429(C). See also *People v McChester*, 310 Mich App 354, 357; 873 NW2d 646 (2015). Further, a defendant must challenge the trial court's scoring of an OV on the same ground that is argued on appeal. See *People v Thompson*, 314 Mich App 703, 709 n 4; 887 NW2d 650 (2016). At the sentencing hearing, defense counsel argued that Farley's fetus could not be considered a victim for purposes of scoring OV 9, but did not argue, as he does on appeal, that Farley *herself* was not a victim for purposes of scoring OV 9. Therefore, defendant's challenge to the scoring of OV 9 is only partially preserved.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016). "Whether the facts, as found, are adequate to satisfy the scoring

---

[1] [1] *People v Risbridger*, unpublished order of the Court of Appeals, entered February 27, 2019 (Docket No. 347170).

[2] The sole finding by the trial court at sentencing relative to OV 9 was: "I'm going to rule that's put two people, six months a fetus can survive outside the woman and becomes 'viable' and is a separate person. We will score OV 9 as 10 points, which is what it's scored."

conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

Defendant may only obtain relief with respect to his unpreserved argument that Farley was not a victim under MCL 777.39 if "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under the third prong, defendant must show that the error was prejudicial, meaning "the error affected the outcome of the lower court proceedings." *Id.* Reversal on the basis of plain error is only warranted "when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* (quotation marks and citation omitted; alteration in original).

OV 9 relates to the "number of victims," and 10 points are properly assessed when, in relevant part, "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(c). The statute further instructs to "[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim." MCL 777.39(2)(a).

Prior precedent reveals that there must be a factual connection between the defendant's conduct and defendant placing the victim in danger of physical injury. In short, there must be evidence that the victims were placed in actual danger of physical injury or loss of life or property. MCL 777.39(2)(a). In *People v Phelps*, 288 Mich App 123, 139 (2010), overruled in part on other grounds by *Hardy*, 494 Mich 430, this Court concluded that the trial court abused its discretion by accessing 10 points for OV 9 where two of the victim's friends were in a bedroom next to where a sexual assault occurred. This Court concluded that there was nothing in the record that suggested defendant placed anyone other than the victim in danger of physical injury, loss of life or loss of property. Additionally, this Court concluded that the there was no record evidence that defendant threatened anyone or made physical contact with either of the alleged victims. In *People v Harverson*, 291 Mich App 171, 181; 804 NW2d 757 (2010), this Court concluded that scoring OV 9 for multiple victims was appropriate where defendant's mother jumped in between the victim and the defendant who was aiming a firearm at the victim. We noted that although in a robbery "the defendant may have robbed only one victim . . . scoring OV 9 for multiple victims may nevertheless be appropriate if there were other individuals present at the scene of the robbery who were placed in danger of injury or loss of life." In *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013), this Court held there were sufficient facts to support a scoring of 10 points for OV 9 because an inmate who had taken the end of a Q tip and made it into what jail officials labeled a "needle," had threatened to stab a corrections officer and an inmate. In so holding, this Court held that a "person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." Hence, because the inmate and corrections officer were in close proximity to the defendant, *and* defendant had stated that he would stab both of them, the trial court properly scored OV 9 at 10 points. In *People v Walden*, 319 Mich App 344, 349-350; 901 NW2d 142 (2017), this Court concluded that where defendant's own testimony revealed that at least three people were near him when he drew a knife and began swinging it, there was evidence to support the trial court's determination that more than one victim was placed in danger or loss of life.

Here, there was no evidence that defendant was armed with any type of weapon or otherwise engaged in any conduct that could have caused injury to Farley. See *Walden*, 319 Mich App at 349-350. Further, defendant did not encounter Farley; he did not threaten her or make physical contact with her, *Phelps*, 288 Mich App at 139, or otherwise create a dangerous situation, *Gratsch*, 299 Mich App at 623-624. There was no evidence that Farley knew that defendant had entered her garage until well after the crime had been committed. On this record, there is no evidence from which the trial court could have found that two or more persons were placed in danger of physical injury or loss of life under MCL 777.39(2)(a). Hence, although no objection was raised at sentencing as to counting Farley as a victim, the trial court clearly erred by implicitly finding that Farley was placed in danger of physical injury or death for purposes of scoring OV 9. MVL 777.39(2)(a) makes clear that for a score of 10 points for OV 9, two or more victims must have been placed in danger of physical injury or death. In the absence of any evidence that two or more persons were placed in danger of physical injury or death, the trial court plainly erred by assessing 10 points for OV 9.[3]

Next, defendant argues that the trial court clearly erred by concluding that defendant committed three crimes against a person on the basis of its finding that defendant had broken into Krantz and Farley's garage and stolen beer from the garage refrigerator on two other occasions, and that it therefore erred by assessing 25 points for OV 13. The state argues there was sufficient evidence from which the trial court could find by a preponderance of the evidence that defendant was responsible for the prior home invasions.

OV 13 relates to a "continuing pattern of criminal behavior," and is properly scored at 25 points when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person[.]" MCL 777.43(1)(c). The statute further provides that "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

"When calculating the sentencing guidelines**,** a court may consider all record evidence, including the contents of a PSIR [presentence investigation report], plea admissions, and testimony presented at a preliminary examination." *McChester*, 310 Mich App at 358. When reviewing the record evidence, a trial court may make "reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).

There is no dispute that defendant's sentencing offense of third-degree home invasion is a counted offense under OV 13. The trial court identified the other two crimes against a person that it counted for purposes of scoring OV 13 as follows:

Well, the evidence is that they had two break-ins to steal beer from a refrigerator.

* * *

---

[3] Consequently, it is unnecessary to determine if the trial court also clearly erred by finding that Farley's fetus was a victim for purposes of scoring OV 9.

-4-

We know Mr. Risbridger knew about that because he had beer and seen him take beers out of the refrigerator, and the third break in more beer is stolen, and because they put up a trail camera or video camera we know that was Mr. Risbridger, I'm thinking that's substantial evidence I find persuasive that Mr. Risbridger performed the two previous break-ins, it's not certainty but pretty darned good.

Defense counsel then pointed out that in the charged offense defendant was caught on camera jamming a screwdriver into a door, but inquired of the trial court what evidence existed to support its conclusion that defendant had committed two prior break-ins, to which the trial court responded:

Well, I don't know, [the prosecuting attorney] or someone over in that office will have to defend this on appeal, ask whether they are comfortable with this. [Directed at the prosecuting attorney] Are you comfortable with this?

Hence, when asked to cite the evidence on which the trial court was basing its findings, the trial court equivocated. Our review of the record leads us to conclude there was insufficient evidence to support the trial court's findings that defendant committed the past two break-ins. Further, there was no finding by the trial court as to when the prior break-ins actually occurred, hence there was no evidence that this third break-in occurred within the same five-year period as required by MCL 777.43(2)(a). Consequently, the trial court plainly erred by assessing 25 points for OV 13.

We conclude that the reduction of 10 points for OV 9 and 25 points for OV 13 alters the applicable guidelines range, and as such, defendant is entitled to resentencing. *People v Biddles*, 316 Mich App 148, 156; 896 NW2d 461 (2016).

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Michael J. Riordan