*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROBERT DANIEL HUNT,

      Defendant-Appellant.

UNPUBLISHED
April 8, 2021

No. 352385
Oakland Circuit Court
LC No. 19-269674-FH

Before: FORT HOOD, P.J., and GADOLA and LETICA, JJ.

LETICA, J. (*dissenting*).

      I respectfully dissent.

      In my view, this case involves the straight-forward application of principles of statutory construction. "When [statutory] language is unambiguous, no further judicial construction is required or permitted, because the Legislature is presumed to have intended the meaning it plainly expressed." *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2011).

      An assessment of 10 points is appropriate when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss . . . ." MCL 777.39(1)(c).[1] The sentencing court must "[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim." MCL 777.39(2)(a). The operative phrase is "were placed in danger." By employing a passive verb in the past tense, the Legislature required an action completed. Accordingly, the residents must have actually been placed in danger of physical injury or death; the mere possibility or potential of such danger is not sufficient.

---

[1] In 2006, the statutory language was amended to separately address physical and property harm. 2006 PA 548.

-1-

Offense variable (OV) 9 must be scored using the defendant's conduct during the sentencing offense. *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008) ("[U]nless stated otherwise, only conduct that relates to the offense being scored may be considered."); *People v McGraw*, 484 Mich 120, 134; 771 NW2d 655 (2009) (OV 9 "must be scored . . . solely on the basis of defendant's conduct during the breaking and entering."). There are several different ways that a person may commit second-degree home invasion. Second-degree home invasion includes (1) breaking and entering a dwelling[2] with the intent to commit a felony, larceny, or assault therein; (2) entering a dwelling without permission with the intent to commit a felony, larceny, or assault in the dwelling; or (3) breaking and entering a dwelling or entering it without permission and, at any time, committing a felony, larceny or assault. MCL 750.110a(3). In this case, defendant pleaded guilty to entering the home without permission with the intention to commit a larceny therein.

Like the majority, I recognize that this Court has held that "[a] person may be a victim under OV9 even if he or she did not suffer actual harm[.]" *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013). This Court determined that "a close proximity to a physically threatening situation may suffice to count the person as a victim." *Id*. For that reason, this Court affirmed a 10-point score for OV 9 because the defendant, a prison inmate in possession of a weapon, had threatened to use it to harm another inmate and a guard. *Id*. at 623-624. See also *People v Walden*, 319 Mich App 344, 349-350; 901 NW2d 142 (2017) (the defendant drew and swung a knife when "at least three people were near" him).

On the other hand, this Court reversed a 10-point score for OV 9 when a one-year-old child was "not in any potential line of fire" "in a bedroom further back in the house" as the defendant shot the murder victim; consequently, the child was "not in any potential line of fire." *People v Baskerville*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 345403); slip op at 8-9. And, in a factually similar case, this Court recently reversed a sentencing court's assessment of 10 points for OV 9 following the defendant's plea to third-degree home invasion. *People v Risbridger*, unpublished opinion per curiam, issued March 3, 2020 (Docket No. 347170).[3] The defendant used a screwdriver to break into an acquaintance's garage and steal beer while one of the home's occupants, who was pregnant, was inside, but unaware of his presence. *Id*. at 1, 4. Relevant to scoring OV 9, this Court noted that the defendant was not "armed with any type of weapon or otherwise engaged in any conduct that could have caused injury" to the pregnant woman. *Id*. Moreover, the defendant "did not encounter" the woman, "did not threaten her or make physical contact with her, . . . or otherwise create a dangerous situation." *Id*. Thus, this Court concluded that there was no record "evidence from which the trial court could have found that two or more persons were placed in danger of physical injury or loss of life . . . ." *Id*.

---

[2] A dwelling includes an attached appurtenant structure, MCL 750.110a(1)(a), like a garage.

[3] Although unpublished opinions are not precedentially binding under the rule of stare decisis, MCR 7.215(C)(1), this Court's analysis relied on *Gratsch* and *Walden*. *Risbridger*, unpub op at 3.

So too here. There is simply no record evidence that the residents of the house were ever actually placed in danger of physical injury or death by defendant's conduct during the commission of this home invasion. The residents were asleep when defendant apparently entered through an unlocked sliding door. Defendant took items that were located in the living room and kitchen area of the home. There is no evidence that defendant ventured away from that area toward or into the residents' bedrooms or that he took any object located there. Nor is there evidence that defendant was armed in any manner. The residents did not awaken to confront defendant and he did not encounter or confront them. Instead, defendant left without detection and the adult residents only later discovered the home invasion.

Like my colleagues and the trial court, I am cognizant that a defendant's conduct during a home invasion certainly has the potential to result in physical injury or death. There are a myriad of situations where a homeowner or an occupant is placed in danger of physical injury or death because of a defendant's actions during a home invasion. But constrained by the plain language of MCL 777.39(1)(c), the sentencing court could assess 10 points only when 2 to 9 victims were actually placed in danger of physical injury or death. Here, however, for the reasons already detailed, the three residents of this home invasion were never placed in danger of physical injury or death. Accordingly, I would conclude that the trial court erred by assessing 10 points for OV 9 and I would remand for resentencing because the trial court's scoring error alters the applicable guidelines range. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

/s/ Anica Letica

-3-