PEOPLE v CARRIGAN

Docket No. 302090. Submitted July 18, 2012, at Lansing. Decided August 2, 2012, at 9:05 a.m.

Paige C. Carrigan pleaded guilty to breaking and entering a building with the intent to commit a felony, MCL 750.110, malicious destruction of property over $20,000, MCL 750.380(1) and (2)(a), and malicious destruction of property between $1,000 and $20,000, MCL 750.380(1) and (3)(a), after she participated in vandalizing two Mancelona school buildings. The court, Philip E. Rodgers, Jr., J., sentenced defendant to concurrent terms of 24 to 120 months' imprisonment for the first and second convictions and 24 to 60 months' imprisonment for the third conviction. Defendant filed a delayed application for leave to appeal, which the Court of Appeals granted in an unpublished order entered February 24, 2011.

The Court of Appeals *held*:

Under the statutory sentencing guidelines, a trial court must assess 25 points for offense variable (OV) 9 when there were 10 or more victims who were placed in danger of physical injury or death, or 20 or more victims who were placed in danger of property loss. The trial court assessed 25 points for OV 9 in this case asserting that defendant's actions were a crime against the community. The community as a whole suffers from any crime, but it is an indirect victim, and may not be counted as victim for the purposes of OV 9. In this case, only the two schools—each owned by the same district—were direct victims of the crimes; the trial court improperly considered the community members as victims and improperly assessed points under OV 9. Resentencing was required.

Sentences vacated; case remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE 9 — VICTIMS — COMMUNITY MEMBERS.

Under the statutory sentencing guidelines, a trial court must assess 25 points for offense variable (OV) 9 when there were 10 or more victims who were placed in danger of physical injury or death, or 20 or more victims who were placed in danger of property loss; the

community as a whole suffers from any crime, but it is an indirect victim, and may not be counted as victim for the purposes of OV 9.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, and *Charles H. Koop*, Prosecuting Attorney, for the people.

*Sharon D. Jones* for defendant.

Before: STEPHENS, P.J., and SAWYER and OWENS, JJ.

PER CURIAM. Defendant appeals by leave granted from her plea-based conviction of one count of breaking and entering a building with intent to commit a felony, MCL 750.110, one count of malicious destruction of property over $20,000, MCL 750.380(1) and (2)(a), and one count of malicious destruction of property between $1,000 and $20,000, MCL 750.380(1) and (3)(a). Defendant was sentenced to concurrent terms of 24 to 120 months' imprisonment for the first and second counts, and 24 to 60 months for the third count. We vacate defendant's sentences and remand for resentencing.

Defendant first argues that the trial court erred by assessing 25 points for offense variable (OV) 9. We agree. "This Court reviews de novo the application of the sentencing guidelines but reviews a trial court's scoring of a sentencing variable for an abuse of discretion." *People v Harverson*, 291 Mich App 171, 179; 804 NW2d 757 (2010). " 'Scoring decisions for which there is any evidence in support will be upheld.' " *Id.* at 179-180, quoting *People v Elliott*, 215 Mich App 259, 260; 544 NW2d 748 (1996).

Under MCL 777.39, a trial court must assess 25 points for OV 9 when "[t]here were 10 or more victims who were placed in danger of physical injury or death, or 20 or more victims who were placed in danger of

property loss[.]" MCL 777.39(1)(b). MCL 777.39(2)(a) further states, "Count each person who was placed in danger of physical injury or loss of life or property as a victim." OV 9 is scored only on the basis of the defendant's conduct during the sentencing offense. *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). In this case, the trial court assessed 25 points for OV 9 after defendant pleaded guilty to vandalizing two school buildings. The trial court noted that OV 9 should be scored at 25 points because "this really was a crime against a community . . . ."

To determine whether the trial court erred in its scoring of OV 9, we must determine whether each member of the identified "community" can be considered a "person" "placed in danger of property loss" and thus counted as a victim, or whether the "person" placed in danger is limited to the school district itself. In *People v Knowles*, 256 Mich App 53; 662 NW2d 824 (2003), overruled on other grounds by *People v Melton*, 271 Mich App 590 (2006) (conflict panel opinion), this Court considered a related question. In *Knowles*, the defendant stole a check from an acquaintance and received payment on the check from a credit union. *Id.* at 58. The trial court assessed 10 points for OV 9 on the basis of two victims: the defendant's acquaintance and the credit union. *Id.* at 61-62. This Court explained that the trial court properly counted the credit union as a victim because it received financial injury as a direct result of the crime. *Id.* at 62. This Court distinguished "direct" victims, such as the credit union, from "indirect" victims. *Id.* An example of an "indirect" victim was "a health insurer being indirectly harmed by paying for medical treatment resulting from a physical attack on an assault victim." *Id.*

In this case, the community is similar to the "indirect victim" described in *Knowles*. The direct damage occurred to the two schools within the school district, while the community, and the individuals who are members of that community, were harmed as an indirect result of the damage. Under the trial court's broad interpretation, nearly every criminal offense could result in a score of 25 points for OV 9 because the community as a whole always indirectly suffers when a crime is committed. Indeed, it is for this reason that we frequently refer to the prosecutor in a criminal trial as the lawyer for "the people." There is no evidence on the record to establish that 20 or more persons were affected by defendant's vandalism, either directly or indirectly. Rather, the record demonstrates that two schools, each owned by the same school district, suffered property loss. Pursuant to MCL 777.39(1)(d), OV 9 should have been scored at zero points.[1]

"Resentencing is an appropriate remedy where a defendant's sentence is based on an inaccurate calculation of the sentencing guidelines range and, therefore, does not conform to the law." *People v Underwood*, 278 Mich App 334, 337; 750 NW2d 612 (2008). In this case, the trial court improperly assessed 25 points for OV 9 when no points were warranted. Lowering the total OV points from 41 to 16, the corrected guidelines range would be zero to 17 months, see MCL 777.65, which is an intermediate sanction cell, MCL 769.34(4)(a). Consequently, this matter must be remanded for resentenc-

---

[1] We note that we need not determine whether the school district was the only victim in this case or whether each of the individual schools can be counted as separate victims. OV 9 provides that if fewer than four victims suffer property loss, zero points are to be assessed. Therefore, even if we were to conclude that the district as a whole and the individual schools all qualified as victims, it would still follow that no points were permitted under OV 9.

ing. Further, because we determine that resentencing is necessary, we need not address whether the trial court's ultimate sentence represents an abuse of discretion.

Vacated and remanded for resentencing. We do not retain jurisdiction.

STEPHENS, P.J., and SAWYER and OWENS, JJ., concurred.