*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAVON MAURICE KINNARD,

        Defendant-Appellant.

UNPUBLISHED
August 25, 2022

No. 358252
Wayne County Circuit Court
LC No. 18-007077-01-FH

Before: RIORDAN, P.J., and BORRELLO and LETICA, JJ.

LETICA, J. (*concurring in part; dissenting in part*).

While I do not agree that this case should be dismissed as moot,[1] I do agree that the trial court did not abuse its discretion in imposing an out-of-guidelines sentence.

The record shows the following:

- 8/15/18     Defendant arrested for 8 felony offenses related to a financial transaction device.
- 10/2/18     Defendant pled guilty as charged with an agreement to be sentenced under

---

[1] The fact that defendant was paroled does not render discussion concerning his out-of-guidelines sentence moot under the circumstance presented in this case. See *People v Parker*, 267 Mich App 319, 329; 704 NW2d 734 (2005) (an appeal of a departure sentence is not moot while a defendant remains on parole if he had "received an intermediate sanction, as he contends he should have."). See also *People v Harper*, 479 Mich 599, 650 n 5; 739 NW2d 523, 552 (2007) (KELLY, J., dissenting). Defendant's parole does not end until June 16, 2023, and "[u]ntil that date, he faces the potential of parole revocation and could be returned to prison for the remainder of his . . . maximum sentence." *Id.* If, however, this Court were to order resentencing and the trial court were "to impose the intermediate sanction cell maximum of [9] months in jail, [defendant] would be released from supervision[] [a]nd he would not face the potential of returning to prison." *Id.*

the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et. seq.*, with a probationary term.

- 10/30/18  The court sentenced defendant as agreed, imposing a 1-year probationary sentence under HYTA.
- 2/7/19  Defendant was investigated for 3 counts involving a financial transaction device in a different jurisdiction.
- 2/15/19  Defendant was arrested after attempting to purchase a Play Station with a stolen credit card.  The police recovered additional cards taken from two victims at a gym.  Defendant was with his codefendant and was charged with 2 counts involving a financial transaction device along with an additional count of conspiracy to commit such an offense.
- 3/5/19  Due to defendant's criminal activity, a bench warrant for a probation violation was issued.
- 6/25/19  Defendant was sentenced for his subsequent February 15, 2019 offenses and placed on probation.  Defendant absconded and a bench warrant was issued on October 2, 2019.
- 6/26/19  Defendant was arraigned on his probation violation in this case and requested a hearing that was scheduled for July 8, 2019.
- 7/8/19  Defendant failed to appear for his probation violation hearing and a capias was issued.
- 10/18/19  Defendant was arrested for disguising himself with the intent to obstruct or hinder law enforcement, a misdemeanor.  Defendant failed to appear and a bench warrant was issued for his arrest on November 11, 2019.
- 10/22/19  Defendant pled guilty to violating his probation in this case and the court revoked his HYTA probation.
- 11/5/19  The court sentenced defendant to 32 to 48 months' imprisonment.
- 1/19/21  The court granted defendant's motion for resentencing and again imposed a 32-to 48-month prison sentence on February 23, 2021.

In imposing the sentence, the court noted: (1) defendant was charged with a number of financial-transaction-device offenses, (2) financial-transaction-device crimes have a damaging financial impact on victims and disturb their sense of security, (3) after being afforded the opportunity of HYTA probation, defendant committed additional crimes, including those of the same ilk, that damaged society, and (4) defendant failed to appear for his probation violation hearing, resulting in a warrant being issued and his return following another arrest.  Although the number of offenses were considered in PRV 7, MCL 777.57 (concurrent and subsequent convictions), and in OV 13, MCL 777.43 (continuing pattern of criminal behavior), the court could properly determine that the guidelines inadequately weighed this factor given the quantity and similar nature of the sentencing offenses.  MCL 769.34(3)(b).  See *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017).  The financial and emotional impact of this type of crime on the victim were considered under OV 4, MCL 777.34 (serious psychological injury to a victim requiring treatment), OV 9, MCL 777.39 (number of victims placed in danger of property loss), and OV 16, MCL 777.46 (property obtained, damaged, lost, or destroyed).  While only OV 16 was scored, the court could determine that OVs 4 and 9, for which no points were assessed, were inadequately weighed.  MCL 769.34(3)(b).  Moreover, the sentencing guidelines gave no consideration to the indirect societal impact of this type of criminal activity.  See *People v*

*Carrigan*, 297 Mich App 513; 824 NW2d 283 (2012), abrogated on other grounds *People v Hardy*, 494 Mich 430, 438 n 18; 835 NW2d 340 (2013). And the court properly considered defendant's continuing criminal activities, including those committed with codefendant, in deciding that an out-of-guidelines sentence was warranted. See *e. g.*, *People v Hendrick*, 472 Mich 555, 557, 562-563; 697 NW2d 511 (2005) ("the sentencing court is not precluded from considering events surrounding the probation violation when sentencing the defendant on the original offense[s]."). Finally, the trial court appropriately took into account defendant's failure to appear for his probation violation hearing and his absconding until rearrested. *Id*. Defendant's continued criminal activity less than four months after his original lenient sentence was imposed demonstrated that he remained a menace to society and reflected poorly on his rehabilitative potential. Because the sentencing court did not abuse its discretion in considering both the underlying crimes and the circumstances of defendant's probation violations in imposing an out-of-guidelines sentence, I concur.


/s/ Anica Letica